ISRAEL REIFF, and others *vs.* DANIEL ESHLEMAN.
ISRAEL REIFF and others *vs.* ANNA HORST.

*Affidavit of Mortgagee as required by sec.* 29 *of Art.* 24 *of the
Code—How affidavit to be established—Insufficient affidavit
of Mortgagee—Effect of Recording defective Mortgage—
Mortgage subjected to allowance to Wife in lieu of Dower—
Claim of Judgment creditor not Subjected—Effect of filing
Claim by Judgment creditor to obtain her Proportion in the
Distribution of the Debtor's estate.*

The affidavit required by sec. 29 of Art. 24 of the Code, to be made
by a mortgagee as to the truth and *bona fides* of the consideration
expressed in the mortgage, must be endorsed thereon, and recorded
with it ; such endorsement is essential to the validity of the mort-
gage.

The fact that the oath was taken by the mortgagee, can only be estab-
lished by a formal endorsement upon the mortgage ; it is not the
subject of parol proof.

A paper attached to a mortgage of real estate situate in Maryland,
purporting to be a certificate that an affidavit was made in the
State of Pennsylvania by the mortgagee as to the truth and *bona*

*fides* of the consideration in the mortgage, before a person styling himself a Justice of the Peace of the former State, and signing himself, " A. B. Reidenbach, J. P.," but without further attestation, can have no weight, and the mortgage must be considered as one without an affidavit endorsed thereon as required by sec. 29 of Art. 24 of the Code.

The recording of a mortgage without the affidavit of the mortgagee endorsed thereon, as required by sec. 29 of Art. 24 of the Code, does not operate as constructive notice to a subsequent mortgagee ; but actual notice of such defective mortgage establishes its priority.

Israel Reiff and John Horst were mortgage creditors of Abraham Horst, and Mary W. Miller was a judgment creditor. Anna Horst united with her husband Abraham Horst in a mortgage dated the 17th of December, 1875, to Israel Reiff, John Horst and Daniel Cearfoss, and in mortgages to other parties. Abraham Horst becoming involved, executed on the 10th of July, 1876, a deed of trust, in which his wife joined, of all his property of every description, to the said Israel Reiff, John Horst and Daniel Cearfoss, stipulating for its sale, and for the payment, first, of all liens and incumbrances according to their priority, and secondly, of all the other debts of the said Abraham Horst, without any preference or priority among them. The deed also provided for the payment to Anna Horst, wife of Abraham Horst, in consideration of her uniting in said deed, of the one-twelfth of the gross proceeds of the sale of the real estate thereby conveyed in trust, in lieu of her contingent right of dower therein. The grantees in this deed accepted the trust, and proceeded to sell all the property as therein provided. In the distribution of the proceeds of the real estate, it was HELD :

1st. That the grantees in the deed were bound by the stipulation and agreement contained therein, in favor of the wife, and the mortgage to them should be subjected to the allowance to her of the one-twelfth as provided by said deed.

2nd. That the claim of Mary W. Miller, she not having been a party to the deed of trust, should not be subjected to the charge upon the proceeds of the real estate, in favor of Mrs. Horst.

Where property conveyed to trustees for the benefit of creditors has been sold, a judgment creditor who files her claim to obtain her proportion in a just distribution of the proceeds among the *bona fide* creditors, does not thereby become bound to assent to the payment of every charge made by the deed upon the property conveyed, whether just or unjust.

Reiff, *et al. vs.* Eshleman.   Reiff, *et al. vs.* Horst.

APPEALS from the Circuit Court for Washington County, in Equity.

Abraham Horst, a citizen of Washington County, being indebted to Daniel Eshleman, a citizen of Pennsylvania, executed to him on the 5th of June, 1874, a mortgage of certain real estate lying in Washington County, to secure the sum of $4000, with interest thereon from the 1st of April, 1874.   The mortgage was duly acknowledged before a justice of the peace in and for Washington County, on the day of its date.   The following was the affidavit of consideration by the mortgagee:

"State of Pennsylvania, Lancaster County, to wit: Personally appeared before me, a justice of the peace in and for said County and State, Daniel Eshleman, mortgagee, and made affirmation in due form of law, that the consideration mentioned in the aforegoing mortgage, is true and *bona fide* as therein set forth.

DANIEL ESHLEMAN.

" Affirmed and subscribed before me, June 8th, 1874.
A. B. REIDENBACH, J. P."

The aforegoing mortgage was filed for record in the office of the clerk of the Circuit Court for Washington County, on the 12th of June, 1874.   Subsequently to the date of said mortgage Abraham Horst and Anna his wife, executed several mortgages upon the same real estate, each of which contained the required affidavit of consideration, and was duly executed, acknowledged and recorded: One was to Daniel Cearfoss, John Horst and Israel Reiff, dated the 17th of December, 1875, to secure them as endorsers on certain promissory notes.   Afterwards, on the 10th of July, 1876, the said Abraham and Anna his wife, united in a deed of trust of all his property, real and personal, to the said Israel Reiff, Daniel Cearfoss and John Horst, with authority to them to sell

and dispose of the same, and collect all debts due to the said Abraham, and apply the proceeds thereof, first, to the payment of the costs and expenses of the said deed, and the execution of the trust thereby created; secondly, to certain commissions to said trustees, and the balance to all liens and incumbrances upon the property thereby conveyed, according to their priority under the law, and with any balance that might remain after payment of such liens, to pay, so far forth as the same might reach, all the just debts due and owing by the said Abraham, without preference or priority, &c. The deed also provided for the payment to the said Anna Horst, in consideration of her uniting in said deed, of the one-twelfth of the gross proceeds of the sale of the real estate thereby conveyed in trust, in lieu of her contingent right of dower therein. Part of the real estate conveyed by said deed, which was duly acknowledged and recorded, was the same real estate conveyed by the aforesaid mortgages.

The trustees took possession of the property conveyed to them under said deed of trust, and sold the same; the sales of the real estate were duly reported to and ratified by the Circuit Court, and the proceeds thereof distributed by the auditor in his account marked No. 2. In said account the auditor first allowed out of the proceeds of the sales of all said real estate, the trustees' commissions and expenses, taxes, costs, &c., and the sum reserved in said deed to Anna Horst, in lieu of her contingent right of dower, proportionably, and then distributed the net balance of the proceeds of the real estate included in said mortgagees after first discharging prior liens thereon, to the said mortgage of Cearfoss, Reiff and Horst, to the exclusion of the mortgage of Daniel Eshleman, upon the ground as stated in his report, of its defective execution, "there being no such affidavit of consideration endorsed thereon as required by the Code." To such distribution by the auditor of said net balance, and to the non-allow-

ance of his said mortgage, Daniel Eshleman filed exceptions. Exceptions were likewise filed by Mary W. Miller, a ·judgment creditor of Abraham Horst, to whom was awarded by the auditor a distribution on said judgment out of the proceeds of the sales of the said trust estates, and by Daniel Cearfoss, John Horst and Israel Reiff as joint mortgagees, and by the said Horst and Reiff as individual mortgagees of Abraham and Anna Horst, to the allowance by the auditor in said account No. 2, to Anna Horst, the wife of the said Abraham Horst, of the sum of $1581.35, awarded, as the amount reserved in the deed of trust, in lieu of her contingent right of dower.

On the 8th of October, 1878, the Court (MOTTER, J.,) passed an order sustaining the exceptions of Eshleman and remanding the papers in the cause to the auditor, that a new account should be stated, allowing the exceptant's mortgage, and giving it priority over the mortgage of the said Cearfoss, Reiff and Horst. On the same day, the Court also passed an order, overruling the exceptions of Mary W. Miller and Cearfoss, Horst and Reiff and awarding the costs of said exceptions to Mrs. Horst. The auditor re-stated account No. 2, in accordance with the order of the Court on the exceptions of Daniel Eshleman.

On the 16th of November, 1878, the Court passed an order finally ratifying the auditor's account No. 2 re-stated. From this order and from the previous orders of the 8th of October, 1878, Israel Reiff, John Horst and Mary W. Miller appealed. The administrators of Daniel Cearfoss who died after the decision, declined to join in the appeals.

The cause was argued before BARTOL, C. J., BRENT, MILLER, and ALVEY J.

*William M. McDowell* and *H. H. Keedy,* for the appellants.

*Albert Small,* for Daniel Eshleman.

*Tryon Hughes Edwards,* for Mrs. Anna Horst.

BRENT, J., delivered the opinion of the Court.

. There are two appeals contained in the same record. They have been argued together, and we shall dispose of them in one opinion.

In the appeal of Reiff and others against Daniel Eshleman, the question involved is the priority of their respective mortgages.

The mortgage of Daniel Eshleman is the first in date, but it is objected, that although it has been put upon the records in time, it is void, because there is no proper affidavit by the mortgagee, appended to it, of the *bona fides* of the consideration expressed in it.

By referring to the mortgage, it is very apparent that this objection is well founded. There is attached to it what purports to be a certificate that an affidavit was made in the State of Pennsylvania before a person styling himself a justice of the peace of that State. It is signed " A. B. Reidenbach, J. P." but is without any other authentication.

In this form the certificate can have no weight, and the mortgage must be considered as one without an affidavit endorsed upon it.

The 29th section of Article 24 of the Code provides that, " No mortgage shall be valid, except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and *bona fide* as therein set forth ; this affidavit may be made, at any time before the mortgage is recorded, before any one authorized to take the acknowledgment of a mortgage, and the affidavit shall be recorded with the mortgage."

As the question has been argued, it may be said, that the right of a mortgagee to make the required affidavit

before a *justice of the peace* of another State is not presented in this case, and we do not wish to be understood as intimating an opinion upon it.

Under the section of the Code just cited, we think it clear, that an endorsement of the required oath upon a mortgage before it is recorded is essential to its validity. The Act not only requires the affidavit, but in equally mandatory terms requires it to be *endorsed* on the mortgage and *recorded* with it.   The fact that the oath was taken is not the subject of parol proof.   It can only be established by the mode mentioned in the law, that is, by a formal endorsement upon the mortgage.

The mortgage of Eshleman being in this respect imperfect and defectively executed, cannot be aided in any respect by being placed upon the records.   The registration of it, like that of a deed defectively acknowledged, does not operate as constructive notice.

But it is argued on the part of the appellee that the appellants at the time of the execution of their mortgage had actual notice of this mortgage.   If so, it is conceded in the brief filed on the part of the appellants that such notice establishes its priority.   And this is in accordance with the decisions in this State.

Upon this branch of the case we think the proof quite sufficient to establish actual notice.   The testimony of Mr. Small is very conclusive and satisfactory.   His position as a member of the bar, and as the attorney who prepared the mortgage of the appellants, enables him to speak with accuracy and certainty upon this matter.   The details of his testimony preclude any presumption that he has erred, and he expressly states, that in informing the appellants of the incumbrances upon the land, proposed to be mortgaged to them, he included the mortgage of Daniel Eshleman.

We have seen no circumstance to impair the weight of this proof, and upon the ground that there was actual

notice of the incumbrance of the appellee, we shall affirm the ruling of the Court below sustaining the exceptions of Eshleman to the auditor's account, and its order ratifying account No. 2, re-stated in accordance with such ruling.

The next appeal is that of Israel Reiff, John Horst and Mary W. Miller, against Anna Horst.

The appellants, Reiff and Horst, were mortgage creditors of Abraham Horst, and Mary W. Miller was a judgment creditor.

Anna Horst, the appellee, had united with her husband in the mortgage to Daniel Cearfoss, John Horst and Israel Reiff, and in mortgages to other parties.

Abraham Horst becoming involved, executed on the tenth day of July, 1876, a deed of trust, in which his wife, Anna Horst, joined, of all his property of every description to Daniel Cearfoss, John Horst and Israel Reiff, stipulating for its sale, and for the payment, first, of all liens and incumbrances according to their priority, and secondly, of all the other debts of Abraham Horst, without any preference or priority among them.

The deed also contains the following clause: "And whereas, the said Anna Horst, wife of the said Abraham Horst, hath a contingent right of dower in the lands conveyed by this deed, it is expressly agreed and understood, that her joining in the execution hereof is upon the condition and in consideration of the payment to her out of the last moneys that shall be derived from the sales of the real estates, of the one-twelfth of the gross proceeds thereof."

The parties named as grantees in this deed accepted the trust and proceeded to sell all the property as therein provided.

In the distribution of the proceeds of the real estate, the Court below directed an allowance to the appellee of one-twelfth part of the gross proceeds, and ratified account No. 2 re-stated, in which the allowance is made.

From this order this second appeal is taken.

As Reiff, Horst, and Mary W. Miller are the only parties appealing, it is alone with their cases that we have to deal.

It is apparent from the facts in this case, that the contingent right of dower of Mrs. Anna Horst in the lands mentioned in this last deed is very small. She had united with her husband in mortgages to very nearly the value of the lands mortgaged, and the one-twelfth part, now attempted to be secured to her, is largely in excess of any amount to which she would be entitled as dower, if she had not united in the deed of the 10th of July, 1876.

And the question presented by this appeal, is whether or not these appellants are bound by the reservation in her favor contained in that deed?

To hold that a wife by joining in a deed like the present, could secure to herself more than the value of her dower, would be opening a wide door to abuse if not to fraud. We have been referred to no case in which it has been allowed, and know of no principle of law which would justify it where the rights of creditors, generally, are involved.

Are the appellants in a situation to urge this objection, becomes an important consideration. We do not think that Horst and Reiff can do so. They were mortgagees holding a mortgage to which Anna Horst, the appellee, was a party with her husband—and they are the grantees in the deed of 1876. Whether they advised and counseled the execution of this deed is unimportant. They became parties to it, and accepted it with the conditions imposed. Instead of proceeding under their mortgage, they elected to accept the deed of trust, and proceed under it to realize their debt. In so doing, being parties grantees, they became bound by the stipulations and agreements upon which it was executed.

So far, therefore, as they are concerned, the ruling of the Court below, in directing their mortgage to be sub-

jected to the allowance of the one-twelfth to Mrs. Horst under the deed of trust, will be affirmed.

The claim of Mrs. Miller stands upon a different ground. She is not a party to this deed of trust. After the property had been sold, she filed her claim as a. judgment creditor to obtain her proportion in a just distribution among the *bona fide* creditors. By so doing, she does not become bound to assent to the payment of every charge made by the deed upon the property conveyed, whether just or unjust.

If this deed provides for the payment of an unjust and improper charge upon the property, a creditor may resist the payment of such charge upon the same principle, that he may resist the payment of a fraudulent debt, to which priority is given by the conveyance. That the latter can be done, is the recognized law of this State. *Mackintosh vs. Corner,* 33 *Md.,* 606.

There is no reasonable distinction between the two, so far as any right can exist to have the one or the other paid out of property conveyed for the benefit of creditors.

We do not think under all the facts and circumstances of this case, that the creditors of Abraham Horst, who are not parties to the deed, can be held bound by the charge upon the proceeds of the sale of the real estate in favor of Mrs. Horst.

So far, therefore, as Mary W. Miller, one of the appellants, is interested, the order of the Court, subjecting her claim to this charge, will be reversed. The case will be remanded, that the account, which has been ratified, may be reformed and re-stated in this respect.

Equity and good conscience will however require, that Mrs. Horst should be allowed, under the Chancery rule, an amount equal to what she would have received for her dower had she not joined in the deed of the 10th of July, 1876. It is apparent that she never designed to abandon any claim she might have had for dower by' executing

this deed. She will only be held to have assented to its sale, and will be compensated in a just allowance and proper proportion of the purchase money.

> In the appeal of *Israel Reiff, and others* vs. *Daniel Eshleman,* the orders are affirmed with costs.
>
> In the appeal of *Israel Reiff, and others* vs. *Anna Horst,* the orders are affirmed in part, and reversed in part, with costs to be equally paid by *Israel Reiff* and *John Horst,* appellants, and *Anna Horst,* appellee, and the cases remanded.

(Decided 17th July, 1879.)