**UNITED STATES of America**
**v.**
**RINGWOOD IRON MINES, Inc., the Borough of Ringwood, and State of New Jersey, Borough of Ringwood, Appellant.**

**No. 12311.**

United States Court of Appeals
Third Circuit.

Argued Dec. 17, 1957.
Jan. 20, 1958.

Louis Wallisch, Jr. (Wallisch & Wallisch, Passaic, N. J., Aaron Dines, Hackensack, N. J., on the brief), for defendant-appellant.

Harold S. Harrison, Atty., Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Washington, D. C., Chester A. Weidenburner, U. S. Atty., Newark, N. J., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., on the brief), for the United States.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

██ This case involves a question of priority of liens between the United States and the Borough of Ringwood, New Jersey. The district court decided in favor of the United States and against the Borough, D.C.N.J.1957, 151 F.Supp. 421, and the Borough appeals.

The subject matter of the litigation is a tract of land in the Borough of Ringwood, New Jersey. In 1950 the United States acquired this land from the Reconstruction Finance Corporation. In 1951 the United States conveyed the land to the Ringwood Iron Mines taking back a note for the purchase price secured by a mortgage on the premises for all but a nominal part of the purchase price. The mortgage was duly recorded. Operation of the property as an iron mining enterprise was not successful. Only one, and that a partial, payment was made on the mortgage. There were unpaid real estate taxes to the Borough for part of the year 1953 and in full thereafter. The default in payments on the mortgage obligation continued and the Government, through the General Services Administration, made several efforts to assist the debtor by extending time of payment and modifying the amounts due. None of these ameliorations brought success to the enterprise.

On the 30th of December, 1955, the Collector of Taxes for the Borough sold the real estate for unpaid taxes subject to the right to redeem. On the 23rd of January, 1956, foreclosure proceedings were begun by the United States. A custodial receiver was appointed on the 7th of February, 1956, and discharged March 15, 1957. A judgment of foreclosure was rendered July 2, 1956, and the premises sold by the United States Marshal.

It is clear that this case is ruled by United States v. New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. That was a case in which the Connecticut statute purported to make real estate tax liens take precedence over all transfers and encumbrances. The decision of the Supreme Court of the United States was that first in time was first in right and that the subsequently acquired liens for taxes by the State of Connecticut could not take precedence over the lien of the United States for its unpaid taxes theretofore vested. The only difference between that case and this is that here the lien of the United States comes through the execution of the mortgage rather than resulting from the operation of law for the failure to pay taxes. We think that the doctrine enunciated in New Britain is broad enough to include this situ-

ation also. See New Brunswick v. United States, 1928, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693; cf., United States v. Latrobe Construction Co., 8 Cir., 1957, 246 F.2d 367; United States v. Evans, 10 Cir., 1957, 245 F.2d 681.

The Borough suggests that the priority in time rule, which is an old rule of equity, should not be applicable here because of the several efforts by the Government in extending time and easing conditions of payment while the local taxes remained unpaid. However, the relationship among the parties here is not that to be found in suretyship where an extension of time by the creditor to the debtor absent the consent of the uncompensated surety discharges the latter even without proof that he was injured thereby. Restatement, Security § 129 (1941). The Borough was not hurt by the Government's dealing with the debtor. In fact, the citizens of the Borough were presumably helped by anything designed to keep this concern going as an employer in the little community. The Borough does urge that it is dependent upon real estate taxes for the maintenance of its municipal functions and that the tax lien is the only way it can enforce this source of income. No doubt all that is true but we fail to see how these facts affect our legal question. They fall short of a showing that the Government's actions adversely affected the collectibility of the assessment in question. Therefore, the argument that there is an equity preventing application of the rule as stated in New Britain is not well founded in this situation.

A further contention is set forth that the Borough, by enforcing its lien first, obtained a superior legal right to the property subject only to an "equity of redemption." The short answer is that, whatever may be the rule as to private mortgagees, a sale under state law cannot divest a prior mortgage lien held by the United States. New Brunswick v. United States, supra.

The Borough has suggested that it is entitled to relief under the provisions of a federal statute making allowance for payment in lieu of taxes. 69 Stat. 722 (1955), 40 U.S.C.A. §§ 521–24 (Supp. 1957). Upon that question we neither have nor express any opinion. It is not before us in this case.

The judgment of the district court will be affirmed.