L. Kingsley Smith, J.
In this action brought to foreclose a mortgage on real property and commenced prior to September 1, 1963, there are two motions to be determined. The plaintiff mortgagee seeks an order (1) dropping from the action two defendants designated by fictitious names; (2) striking the answer of the defendant, United States of America and granting summary judgment in favor of the plaintiff pursuant to rule 113 of the Buies of Civil Practice; and (3) granting an interlocutory judgment for the relief demanded in the complaint, appointing a Beferee to compute the amount due to the plaintiff and providing that the action proceed in the ordinary course.
By cross motion the defendant, United States of America, seeks an order striking from the plaintiff’s complaint, as irrelevant, certain allegations set forth in paragraphs numbered ‘ ‘ eleventh ’ ’ and ‘ ‘ fourteenth ’ ’ of such complaint which, in substance, assert that the judgment lien of the United States of America is subordinate to certain subsequently accrued local real estate taxes.
The action seeks to foreclose a first mortgage held by the plaintiff mortgagee recorded November 18, 1957 and covering a single-family residential property in Suffolk County. The mortgage under foreclosure was guaranteed by the Veterans’ Administration.
The United States of America was joined as a party defendant because it is a judgment creditor of the defendant mortgagors. The judgment derives from a modernization loan made by the Meadow Brook National Bank of Nassau County to the defendant mortgagors in the original amount of $603.64 and which loan was insured by the Federal Housing Authority. Following default in payment of such loan, the lenders filed a claim with the Federal Housing Authority and the note was indorsed or assigned to that Federal agency. Subsequently, an action brought by the United States of America against the defendant mortgagors in the United States District Court for the Eastern District of New York resulted in the recovery of a judgment in favor of the United States of America in the amount of $471.09 on June 21, 1962. A transcript of that judgment was filed in the office of the Clerk of the County of Suffolk on July *749 20, 1962. Such judgment thereby became a lien upon the real property of the judgment debtors in Suffolk County. (Civ. Prac. Act, § 510.)
The mortgage loan, at its inception, was made pursuant to a building loan agreement between the plaintiff mortgagee and a corporate borrower. When the defendant mortgagors acquired title to the mortgaged premises, an extension and modification agreement was entered into between plaintiff mortgagee and the defendant mortgagors setting forth the manner in which the mortgage indebtedness, as well as taxes, assessments and insurance premiums were to be paid. In brief, the agreement required payment of a lump sum monthly to be applied to taxes, assessments, insurance premiums, interest and amortization of principal. It is for default in the payment which became due November 1, 1962 and monthly payments thereafter that this action was commenced.
The mortgaged premises are affected by the lien of local real estate taxes which are unpaid for the year 1962 — 63 in the amount of $203.68 plus penalty and possible, but undetermined, water rates.
The issue raised by these motions is whether a Federally-held judgment lien has priority over subsequently arising local real estate taxes and similar charges upon the mortgaged real property. The question so raised is of great concern to lending institutions. It is of special concern to the savings banks of the .State of New York, as evidenced by the memorandum submitted by the Savings Banks Association of New York State as amicus curies. From that memorandum it appears that savings banks of this State furnish approximately half of all mortgage funds provided by all New York State lending institutions on properties within the State. According to such memorandum, at the close of 1961, the savings banks of this State held in excess of 18 billion dollars worth of mortgages at net book value. The court gratefully acknowledges the assistance which it has received from that memorandum and the comprehensive memoranda submitted by each of the moving parties on these motions.
The precise issue in this action is whether a Federally-held but State-created judgment lien is entitled to the same priority over subsequently accrued real estate taxes as has been accorded Federal tax liens. (United States v. Buffalo Sav. Bank, 371 U. S. 228.) The lien to secure collection of taxes due the United States of America is a creature of Federal statute. (U. S. Code, tit. 26, § 6321.) The Federally-held judgment lien in this case is a State-created, as distinguished from a Federally- *750 created, lien (Cly. Prac. Act, § 510 [now CPLB 5203]). State law determines and defines the nature and extent of the judgment creditor’s interest in, or claim upon, the judgment debtor’s real property. However, the relative priority of the judgment lien as against competing liens must be determined by Federal law rather than State law when the Federal Government is the judgment creditor. (See Aquilino v. United States, 363 U. S. 509, 512-514; see, also; Aquilino v. United States of America, 10 N Y 2d 271, 274.)
The theory by which liens acquired by the Federal Government are accorded priority rests upon the broad principle that Federally-owned property or interests in property are immune from local taxation, directly or indirectly, unless such immunity is waived by the Federal Government. Once the Federally-held lien attaches, a local taxing authority is without power to reduce or impair that interest by subjecting or subordinating it to local taxes subsequently accruing. (United States v. City of Greenville, 118 F. 2d 963.) This principle so frequently recited in respect of Federal tax liens is equally applicable to other Federally-held property interests. (United States v. Ringwood Iron Mines, 251 F. 2d 145; Jamaica Sav. Bank v. Morgan, No, 62-C-780, E, D. N. Y., Dec, 20,1962.) The plaintiff contends that provisions of the National Housing Act have waived the Federal immunity from local taxation. The court is constrained to reject this contention because the statute (U. ¡3. Code, tit. 12, § 1706b) does not purport to subject to local taxation the lien acquired by the Federal Housing Commissioner by reason of having insured a home improvement loan. The removal of immunity granted by the statute is applicable to ‘ ‘ redi property acquired and held by the Commissioner ”, Thus, in express terms, the statute waives immunity from local taxation only as to real property, the title to which is acquired by the Commissioner,
In the court’s opinion, the fact that plaintiff’s mortgage is guaranteed by the Veterans’ Administration is not a matter of legal significance despite the somewhat bizzare possibility that the priority claimed by the Federal Government through a Federally-held judgment lien may ultimately be neutralized by a Federal agency (Veterans’ Administration) being required to pay the plaintiff for the loss incurred as a result of application of the priority principle in connection with the Federally-held judgment lien.
The plaintiff’s motion, insofar as it seeks an order granting summary judgment, must be denied. Inasmuch as the law warrants giving priority to the judgment held by the United *751 States of America, summary judgment is granted in its favor to the extent that its judgment lien is awarded priority over the lien of real estate taxes and similar charges arising subsequent to the docketing of such judgment. So much of the plaintiff’s motion as seeks an order dropping certain defendants, appointing a Referee to compute and providing for the action to proceed in the ordinary course is granted. The cross motion of the defendant, United .States of America, is denied in view of the determination hereinbefore made granting summary judgment on the issue of priority in its favor. Settle order on notice in accordance with the foregoing decision.