**COMMONWEALTH OF KENTUCKY, DEPARTMENT OF REVENUE, By and on relation of J. E. LUCKETT, Commissioner, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17239.**

United States Court of Appeals Sixth Circuit.

Sept. 29, 1967.

Benjamin J. Lookofsky, Dept. of Revenue, Commonwealth of Kentucky, Frankfort, Ky., for appellant.

Stephen H. Paley, Dept. of Justice, Washington, D. C., for appellee, Richard C. Pugh, Acting Asst. Atty. Gen., Meyer

Rothwacks, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., on the brief, George I. Cline, U. S. Atty., Lexington, Ky., of counsel.

Before O'SULLIVAN, PECK and McCREE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This appeal presents the question of whether a judgment for unpaid state income taxes obtained by the State of Kentucky against a taxpayer, now deceased, takes priority over unpaid federal taxes in the distribution of the assets of the insolvent estate of the deceased taxpayer. The taxpayer, Edward J. Nestley, died on June 16, 1963, owing the Commonwealth of Kentucky upwards of $6,996.06 for unpaid state income taxes for the years 1942 through 1950, and the United States upwards of $150,000 for unpaid taxes for the years 1943 through 1963. The Commonwealth of Kentucky had in 1957 reduced its claim for unpaid taxes to judgment, and recorded the judgment in 1958; it did not, however, in order to satisfy its claim, take possession of any of the taxpayer's property by levying execution thereon. The United States recorded its tax liens on various dates between 1951 and 1964; some of the tax liens of the United States thus were recorded subsequent to the entry and recording of the state's judgment against the taxpayer.

Upon the death of the taxpayer, a state court suit was commenced by the executrix of the Nestley estate to have settled the claims of various creditors. Since the estate was insolvent, it was necessary to establish the priorities of such claims. The suit was removed to the United States District Court for the Eastern District of Kentucky, by the

United States, one of the named defendants. There, after the issuance of a Special Master's report, judgment was entered holding that under Rev.Stat. Section 3466,[1] the tax claims of the United States took priority over the claim and judgment of the Commonwealth of Kentucky.

Kentucky, conceding that the U. S. tax liens recorded before Kentucky's judgment were entitled to priority, had claimed that its judgment took priority over federal tax liens recorded after the entry and recording of its own judgment. It asserted that the language of 26 U.S.C. § 6323,[2] which provides that a federal tax lien "shall not be valid as against any * * * judgment creditor until notice thereof has been filed" created an exception to the broad priority granted by § 3466. Such is its position in this appeal. We affirm the District Court.

We at once emphasize that of the statutes involved, one—Rev.Stat. § 3466, 31 U.S.C. § 191—is a priority statute, and the other—26 U.S.C. § 6323—is a lien statute. If we employ a literal reading of § 3466, its language provides the answer to the question before us. We requote it for emphasis:

*"Whenever * * * the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased,* the debts due to the United States *shall be first satisfied; * * *."* (Emphasis supplied.)

The essentials for application of the statute are here present—the taxpayer is deceased; he was a debtor of the United States; his estate is insufficient to pay all his debts. Present these essentials, the debts owing the United States "shall

1. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; * * *." Rev.Stat. 3466, 31 U.S.C. § 191.

2. 26 U.S.C. § 6323—
   "(a) *Invalidity of lien without notice.* —Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate".

be first satisfied." That is what the District Court judgment orders.

Appellant urges, however, that 26 U.S.C. § 6323, which denies validity to an unrecorded United States tax lien imposed by 26 U.S.C. § 6321 as against a judgment creditor, should be read as impliedly providing an exception to the clear language of § 3466. But in United States v. State of Vermont, 377 U.S. 351, 357, 84 S.Ct. 1267, 1270, 12 L.Ed.2d 370 (1964), the Supreme Court, commenting on the scope of § 3466, said:

"Section 3466 [Title 31, Section 191] on its face permits *no exception whatsoever* from the statutory command that '[w]henever any person indebted to the United States is insolvent * * * debts due to the United States shall be first satisfied.' The statute applies to all the insolvent's debts to the Government, whether or not arising from taxes, and whether or not secured by a lien." (Emphasis supplied.)

And in United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520, 525 (1954), the Supreme Court had earlier said:

"When the debtor is insolvent, Congress has expressly given priority to the payment of indebtedness owing the United States, whether secured by liens or otherwise, by § 3466 of the Revised Statutes, 31 U.S.C. (1946 ed.) § 191, 31 U.S.C.A. § 191. In that circumstance, where all the property of the debtor is involved, Congress has protected the federal revenues by imposing an *absolute* priority." (Emphasis supplied.)

We recognize, though, that the Supreme Court has deferred passing definitively on the question of whether the priority granted under § 3466 may not indeed be "overcome by a fully perfected and specific lien." State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 370, 67 S.Ct. 340, 345, 91 L.Ed. 348, 355 (1946). Up to now, the Supreme Court has been able to avoid a direct confrontation with whether § 6323 should be read as providing an exception to § 3466 by

in each case finding that the state lien asserted did not raise the question. Thus, for example, in United States v. Gilbert Associates, Inc., 345 U.S. 361, 365, 73 S.Ct. 701, 704, 97 L.Ed. 1071, 1076 (1953), the Court said:

"As is usual in cases like this, the Town asserts that its lien is a perfected and specific lien which is impliedly excepted from this statute. This Court has never actually held that there is such an exception. Once again, we find it unnecessary to meet this issue because the lien asserted here does not raise the question."

In that case, the Court went on to define the type of state lien or judgment which *might prevail* over the all-inclusive priority of § 3466:

"In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. Thelusson v. Smith, (US) 2 Wheat. 396, 4 L.Ed. 271. Until such possession, it remains a general lien." Id., 345 U.S. at 366, 73 S.Ct. at 704.

\* \* \* \* \* \*

"Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 clearly awards priority to the United States. United States v. Texas, 314 U.S. 480, 488, 62 S.Ct. 350, 86 L.Ed. 356." Id.

■ We are satisfied that Kentucky's mere position as a judgment creditor did not give it the status that might call for using § 6323 as an exception to § 3466: the Commonwealth has not, in any manner, reduced to possession property in the decedent's estate which *might* be subject to its tax claims. Although an execution did issue at one time upon its judgment, it was apparently unsuccessful because it was not levied on any property owned by the judgment debtor. Nor does the Commonwealth's possible position as a lienholder, by virtue of Kentucky Rev.Stat. § 134.420, aid it

in this case. The sufficiency of a tax lien to become an exception to § 3466 is governed by federal law, not by the law of a particular state. State of Illinois ex rel. Gordon v. Campbell, supra, 329 U.S. at 370, 67 S.Ct. 340. Our opinion in United States v. County of Wayne, 378 F.2d 671 (CA 6, 1967), has recently announced that a state lien will not impair the United States priority under Section 3466,

> "[w]here the local taxing authority has taken no action to attach its general lien to specific property of the taxpayer before the taxpayer becomes insolvent and his assets subject to a distribution for the benefit of his creditors."

We consider that that opinion and the other authorities cited earlier require affirmance of the District Court.

It is so ordered.