**UNITED STATES of America, Plaintiff,**

v.

**Gilbert MAES, Treasurer of Las Animas County, Colorado, and Filbert Garcia, Sheriff of Las Animas County, Colorado, Defendants.**

**Civ. A. C-936.**

United States District Court, D. Colorado.

Dec. 23, 1969.

H. McLean Redwine, Atty., Dept. of Justice, Washington, D. C., James L. Treece, U. S. Atty., and Carolyn J. Mc-Neill, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Carmel A. Garlutzo, Trinidad, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This action was tried to the Court. The following facts were agreed upon in the pretrial order or adduced at trial.

On October 18, 1963 the Area Redevelopment Administration (now known as Economic Development Administration; hereinafter referred to as "E.D.A.") made a loan to Stonewall Forest Products, Inc., ("Borrower") in the amount of $380,250.00. Borrower executed its promissory note in that amount payable to the Small Business Administration; as security therefor Borrower executed chattel mortgages covering all improvements owned by it on two parcels of land in Las Animas County, Colorado, and substantially all of the equipment and machinery owned by Borrower and located on said premises.

The loan was made under the Area Redevelopment Act of 1961. The Authorization for this loan specifically states that "Area Redevelopment Administration hereby authorizes a loan to be made by Small Business Administration, * * *. Pursuant to Section 6 of the Area Redevelopment Act (Public Law 87–27) [75 Stat. 47] and the Delegation of Authority by the Secretary of Commerce dated July 20, 1961 (26 F.R. 7974) to Stonewall Forest Products, Inc., * * *."

That Delegation of Authority as published in the Federal Register states "The Secretary of Commerce, pursuant to the legislative directive that available services and facilities of other agencies and instrumentalities of the Federal Government shall be used to the fullest extent practicable in carrying out the provisions of the Area Redevelopment Act (Public Law 87–27), herein referred to as the Act, and in order to avoid duplication of existing staffs and facilities in the departments and agencies named herein, delegates to the heads of the named departments and agencies the functions, powers and duties as follows: * * *.

5. Loans and grants—a. *Small Business Administration.* (1) To carry out, under rules, regulations, and policies of the Secretary of Commerce, the provisions of Section 6 of the Act by performing the following functions: (a) * * * making loans after express authorization by the Secretary of Commerce; * * * (c) Exercising the powers, duties, and functions vested in the Secretary of Commerce by Sections 19 and 21 of the Act in connection with any loans proprosed to be made under Section 6 of the Act.

(2) To exercise in carrying out the foregoing delegations under rules, regulations and policies of the Secretary of Commerce, the powers, duties, and functions vested in the Secretary of Commerce. * * *"

A bank loan of $61,500.00 was made to Borrower on November 14, 1963, secured by a Chattel Mortgage on property of the Borrower. The chattels (improvements, machinery and equipment) which secured the notes covering the two loans were the same chattels. The bank loan and mortgage were purchased by S.B.A., as agent for the E.D.A. on July 31, 1967, and the assignment of note and mortgage recorded August 18, 1967.

All of the above security instruments were either filed or recorded in the appropriate records of Las Animas County, Colorado, pursuant to applicable law, prior to December 31, 1964. All Mortgage Status Statements required to be

filed by applicable law to extend perfection of the liens held by plaintiff have been duly filed in the appropriate records of Las Animas County, Colorado.

Borrower defaulted in payments on the two notes and had permitted the machinery and equipment to deteriorate. S.B.A. (for E.D.A.) took possession of the personal property covered by the security instruments on or about August 1, 1967, having negotiated a caretaker agreement and maintained a contract employee as caretaker on the premises where said property was located, beginning July 20, 1967. Thereafter the managers, officers, directors and employees were absent from the property.

On or about June 5, 1968, pursuant to a distraint warrant issued by defendant Treasurer to defendant Sheriff, directing and authorizing him to distrain the goods and chattels of Borrower for the sum of $32,630.84, the amount of personal property taxes and interest assessed and levied against Borrower by the County for the years 1965, 1966 and 1967, defendant Sheriff took various items of personal property of Borrower. All of the property so taken was covered by the security instruments held by S.B.A. for and on behalf of E.D.A.

Pursuant to a Stipulation dated and filed July 26, 1968, the personal property covered by the distraint warrant and plaintiff's security instruments was sold by S.B.A. on August 20, 1968. After applying the available proceeds to the original loan, a balance remained due thereon, as of September 30, 1968, of $52,993.90. None of the sale proceeds was applied to the bank loan assigned to S.B.A. The sum of $33,000.00 has been deposited with the Clerk of this Court pursuant to the Stipulation and to an Order dated August 22, 1968. The Stipulation also provides that the parties shall have the same rights with respect to the $33,000.00 fund as they had with respect to the personal property prior to the sale.

The Small Business Administration (S.B.A.) is an agency of the United States. 15 U.S.C.A. § 633.

Plaintiff contends that it is entitled to priority on two grounds: *First*, that Borrower was an insolvent debtor under 31 U.S.C. § 191; and *Second*, under the Federal Common Law Principle of "first in time, first in right". Defendants' position is that 15 U.S.C. § 646 subordinates the security interests of plaintiff to the taxes due Las Animas County, Colorado, on the property. The pertinent statutes provide as follows:

31 U.S.C. § 191 provides:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

Section 137-1-5 of the Colorado Revised Statutes provides that January 1 of each year is designated as the official assessment date. Section 137-1-7 provides:

(1) The lien of general taxes for the current year shall attach to all taxable property, real and personal, at twelve noon on the assessment date.

(2) Taxes levied on real and personal property, together with any penalty interest, advertising costs, and fees prescribed by law with respect to any such taxes as may have become delinquent, shall be a perpetual lien thereon, and such lien shall have priority over all other liens until such taxes, penalty interest, advertising costs, and fees shall have been paid in full.

Title 15 U.S.C. § 646 provides:

Any interest held by the Administration in property, as security for a

loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States.

We must conclude that Title 15 U.S.C. § 646 is not applicable in this case because the funds loaned to Borrower were the funds of the Area Redevelopment Administration (now E.D.A.) and not the funds of S.B.A. It was the agent of the Area Redevelopment Administration and served to administer loans.

The same sort of agency situation was dealt with in *In re* Peoria Consolidated Manufacturers, Inc., 286 F.2d 642 (7th Cir. 1961), where the Reconstruction Finance Corporation (R.F.C.) acted as agent for the United States Treasury Department in making a defense loan. There, though 15 U.S.C. § 603 provided that "debts due [R.F.C.] * * * shall not be entitled to the priority available to the United States" in bankruptcy proceedings, the court nevertheless held that the R.F.C. was acting as an agent of the United States Treasury, that the statute (15 U.S.C. § 603) did not apply, and the United States was accorded priority of payment. *Accord, e. g.*, United States v. County of Iowa, 295 F.2d 257 (7th Cir. 1961).

■ The priority of a debt due the United States is a federal question to be determined by federal law. United States v. Security Trust and Savings Bank, 340 U.S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53 (1950); United States v. Equitable Life Assurance Society, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); United States v. Waddill, Holland & Flinn, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945).

In the case before us, the officers and managers of the Borrower abandoned the personal property in question, at which time S.B.A. took possession of the property covered by its security instru-

ments and, thereafter, maintained a contract employee as caretaker of the property. In United States v. Clover Spinning Mills Co., 373 F.2d 274, 277 (4th Cir. 1966), the court dealt with just this situation and held:

Secondly, we think the case is brought within 31 U.S.C. § 191 by the fact that the officers and managers abandoned the debtor's property and absented themselves from the state long before the receiver assumed possession. The property of "an absconding, concealed or absent debtor" is made subject to the statute's provisions. The officers and managers of the debtor corporation had for several months before the appointment of a receiver abandoned operations and left the plant and equipment standing idle and unattended.

S.B.A. had taken possession of the abandoned property of the absent and insolvent debtor on August 1, 1967. At that time, the County of Las Animas had taken no steps to take possession of the subject property or otherwise specify or perfect its statutory tax liens on any of the debtor's property. Although Colorado Revised Statute 137-1-7 characterizes the lien of general taxes as attached, and labels such tax liens as "priority", the priority of such a lien must be determined under federal law, where the United States claims a priority under 31 U.S.C. § 191.

In People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 371, 67 S.Ct. 340, 345, 91 L.Ed. 348 (1946), the court said:

The effect and operation of a lien in relation to the claim of priority by the United States under Rev. Stat. § 3466 is always a federal question. "The priority given the United States cannot be impaired or superseded by state law." United States v. Oklahoma, 261 U.S. 253, 260, 43 S.Ct. 295, 298, 67 L.Ed. 638. Hence a state court's characterization of a lien as specific and perfected is not conclusive.

The Supreme Court has clearly held that if there are *any* liens that can defeat the Government's priority under 31 U.S.C. § 191, they must be prior, specific and perfected liens. *E. g.,* United States v. Vermont, 377 U.S. 351, 352, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); United States v. Gilbert Associates, 345 U.S. 361, 365, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 370, 371, 67 S.Ct. 340, 91 L.Ed. 348 (1946).

■ Even if we were to find that the Borrower was not insolvent at the time S. B.A. took possession of the property, nevertheless the plaintiff is entitled to priority under the Federal Common Law Rule of "first in time, first in right". United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). *See also* United States v. Ringwood Iron Mines, Inc., 251 F.2d 145 (3d Cir. 1958). Chattel mortgages in the instant case were filed or recorded in the records of the office of the County Clerk and Recorder of Las Animas County, Colorado, prior to December 31, 1964. The necessary Mortgage Status Statements were properly and timely filed to maintain the validity of the mortgage liens. The taxes claimed by the defendants are for the years 1965, 1966 and 1967; there can be no lien for such taxes before January 1, 1965. Plaintiff's mortgage liens were valid as of that date, were prior in time and remained as prior liens until the property was sold on August 20, 1968. Defendants had taken no steps to perfect their liens for taxes until June 5, 1968, nearly a year after plaintiff had taken possession of the property. Defendants' lien was inchoate at the time plaintiff took possession and therefore it could not have had priority at that time. *See* United States v. Pioneer American Ins. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); Director of Revenue, State of Colorado v. United States, 392 F.2d 307 (10th Cir. 1968).

We therefore conclude that the liens of the United States are prior to the liens of Las Animas County, Colorado, and that the United States is entitled to the $33,000.00 now on deposit with the Clerk of this Court. An appropriate order will be entered granting judgment to the plaintiff and against the defendants directing the Clerk to pay said $33,000 to plaintiff.

This Memorandum Opinion and Order shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.