**UNITED STATES of America**

v.

**DYNA–TEX, INCORPORATED, a Tennessee corporation, et al.**

Civ. A. No. 7688.

United States District Court,
E. D. Tennessee, N. D.

Dec. 5, 1972.

See also, D.C., 372 F.Supp. 280.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John M. Norris, Cheek, Taylor & Groover, Knoxville, Tenn., John M. Davis, Wartburg, Tenn., David M. Pack, Atty. Gen., William Hubbard, Deputy Atty. Gen., Nashville, Tenn., J. Polk Cooley, Rockwood, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action by the United States to recover a sum of money loaned to Dyna-Tex, Inc. On July 9, 1965, the Area Redevelopment Administration (predecessor of the Economic Development Administration, E.D.A.) loaned to Dyna-Tex, Inc. $1,693,250.00. The loan was evidenced by a promissory note payable to the Small Business Administration, S.B.A., and secured by a trust deed and a security agreement. The trust deed and the security agreement list the S.B.A. as the creditor of Dyna-Tex.

Dyna-Tex defaulted on its note. The United States seeks a judgment against it for the amount due and owing and expenses for maintenance of the property.

Defendants, Dyna-Tex and Morgan County Industrial Development Board, have not answered in this action. The defendant, Automatic Heating and Air Conditioning Company, has dismissed its cross-claim and is no longer a party to this suit. In addition, numerous individual defendants have answered but are also no longer interested parties. The only defendants contesting the United States' claim are the State of Tennessee and Morgan County, Tennessee. Both of these defendants have tax liens on the property owned by Dyna-Tex.

■ The only issue remaining is whether the promissory note as secured by the trust deed and security agreement held by the Small Business Administration on behalf of the E.D.A. has priority over the tax liens held by the State of Tennessee and Morgan County, Tennessee. The priority of a debt due the United States is a federal question to be determined by federal law. United States v. Security Trust and Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); Commonwealth of Ky., Dept. of Rev. v. United States, 383 F.2d 13 (6 Cir. 1967). The United States relies on Title 31 U.S.C. § 191 to establish its priority. This section provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The defendants rely on Title 15 U.S.C. § 646 and T.C.A. 67–1801 to establish their claim to priority. Section 646 states:

"Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States."

T.C.A. 67–1801 provides:

"67–1801. *Taxes on which lien based.*—The assessed taxes on all real estate, personalty, railroad, telegraph, and telephone, and other public service companies, and all damages and costs accruing thereon, shall be and remain a first lien upon such property, from the tenth of January of each and every year, for the taxes of that year."

■ The court in United States v. Maes, 316 F.Supp. 1267 (D.C.1969), was presented with almost the identical question as presented in the case at hand. The court in *Maes* held that 15 U.S.C. § 646 was not applicable because it was the funds of the Area Redevelopment Administration and not the funds of the S. B.A. that were loaned to the borrower. Section 646 subordinates the S.B.A.'s interest to that of State or local tax liens where State law so requires only when the interest held by the S.B.A. in the property is held ". . . as security for a loan . . ." The loan here, as in *Maes*, was not that of the S.B.A. but rather of the E.D.A. This is demonstrated by the authorization form signed by the Area Redevelopment Administration. The only function the S.B.A. served was that of administering agent as required by the Secretary of Commerce. See 26 F.R. 7974. The sole witness testifying in this action testified to this arrangement (see, Trial Record,

**280**

pp. 13–15), and we find that the loan here was the funds of the E.D.A.

The controlling statute is, therefore, Title 31 U.S.C. § 191. The parties agreed in open court that Dyna-Tex was insolvent. Counsel for the State of Tennessee attempts to qualify this stipulation. He now states that only insolvency in the common law sense was stipulated. He argues this is not enough under Title 31 U.S.C. § 191; there must be insolvency within the meaning of that statute. This distinction strikes this Court as a piece of post-trial footwork on the part of counsel for the State of Tennessee. First of all, nowhere in the trial record is there the slightest indication that counsel meant to qualify his stipulation. Secondly, Mr. Cross himself stated to this Court there was nothing remaining to be adjudicated but questions of law. The United States advised the Court at the hearing and in brief that it had witnesses present who would testify as to the insolvency of Dyna-Tex within the meaning of the statute.

 Assuming, however, one accepts counsel's qualification of his statements concerning Dyna-Tex's insolvency, there is still on this record evidence to support a finding that Dyna-Tex had committed an act of bankruptcy and, therefore, fulfilled the requirements of insolvency under § 191. Dyna-Tex permitted Automatic Heating and Air Conditioning to obtain a lien upon its property through legal proceeding and did not discharge such lien within thirty days (see, Title 11 U.S.C. § 21(a)(3); Exhibits to United States brief for motion for summary judgment; and Answer of Automatic Heating and Air Conditioning). In addition, after Dyna-Tex had abandoned its property it made payments to the State of Tennessee for back taxes and gave to it a preferential treatment over other creditors within the meaning of Title 11 U.S.C. § 21(a)(2).

Since § 191 provides that in event of insolvency debts of the United States shall be first satisfied, and since we hold that this provision is applicable under these circumstances, we need not reach the question of first in time, first in right. See United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L. Ed. 520 (1954); United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L. Ed.2d 370 (1964).

For the indicated reasons, the Court concludes that the lien of the E.D.A. is superior to the lien of the State of Tennessee and lien of Morgan County.