*484
 
 Mr. Justice Stewart
 

 delivered the opinion of the Court.
 

 This case involves a conflict between two liens upon the property of a solvent Vermont taxpayer — a federal tax lien arising under the provisions of 26 U. S. C. §§ 6321 and 6322
 
 [1]
 
 and an antecedent state tax lien based on a Vermont law worded in terms virtually identical to the provisions of those federal statutes.
 

 On October 21, 1958, the State of Vermont made an assessment and demand on Cutting & Trimming, Inc., for withheld state income taxes of $1,628.15. The applicable Vermont statute, modeled on the comparable federal enactments, provides that if an employer required to withhold a tax fails to pay the same after demand, “the amount, including interest after such demand, together witty any costs that may accrue in addition thereto, shall be a lien in favor of the state of Vermont upon all property and rights to property, whether real or personal, belonging to such employer,” and that “[s]uch lien shall arise at the time the assessment and demand is made by the commissioner of taxes and shall continue until the liability for such sum, with interest and costs, is satisfied or becomes unenforceable.”
 
 [2]
 

 
 *485
 
 More than three months later, on February 9, 1959, the Commissioner of Internal Revenue made an assessment against Cutting & Trimming of $5,365.96 for taxes due under the Federal Unemployment Tax Act. Under §§ 6321 and 6322, this amount became “a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person,” which arose “at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time.”
 
 [3]
 

 On May 21, 1959, the State instituted suit in a state court against Cutting & Trimming, joining as a defendant Chittenden Trust Company, a Burlington bank which, as the result of a writ served on May 25, disclosed that it had in hand sums owing to Cutting & Trimming. On October 23, 1959, judgment was entered against Cutting & Trimming and against Chittenden Trust Company.
 

 In 1961, the United States brought the present action in the Federal District Court for Vermont to foreclose the federal lien against the property of Cutting & Trimming
 
 *486
 
 held by the Trust Company. Vermont’s answer alleged that the state assessment of October 21, 1958, gave its lien priority over the federal lien. On cross-motions for judgment on the pleadings, the District Court held that the state lien had priority, and directed the Trust Company to apply the moneys which it held first to the payment of principal and interest on that lien, and to pay any balance to the United States. 206 F. Supp. 951.
 

 The Court of Appeals affirmed, reasoning that, under this Court’s decision in
 
 United States
 
 v.
 
 New Britain,
 
 347 U. S. 81, “[i]t would seem that if the general federal tax lien under §§ 6321 and 6322 is thus sufficiently 'choate’ to prevail over a later specific local tax lien, a general state tax lien under an almost identically worded statute must also be 'choate’ enough to prime a later and equally general federal tax lien,” 317 F. 2d 446, 452. Accordingly, the appellate court applied “the ‘cardinal rule’ laid down by Chief Justice Marshall in Rankin & Schatzell v. Scott, 12 Wheat. (25 U. S.) 177, 179 (1827): ‘The principle is believed to be universal that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds ....’”
 
 Id., at
 
 450. Because of the importance of the question in the administration of the state and federal revenue laws, we granted certiorari. 375 U. S. 940. For the reasons which follow, we affirm the judgment of the Court of Appeals.
 

 Both parties urge that decision here is governed by
 
 United States
 
 v.
 
 New Britain,
 
 347 U. S. 81. In that case, involving conflicting municipal and federal statutory liens, the Court held that “the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate.”
 
 Id.,
 
 at 86. In determining the ehoateness of the liens involved, the Court “accept[ed] the [state court’s] holding as to the specificity of the City’s liens since they attached to specific pieces of real property for the taxes assessed and
 
 *487
 
 water rent due,” but it went on to stress that “liens may also be perfected in the sense that there is nothing more to be done to have a choate lien — when the identity of the lienor, the property subject to the lien, and the amount of the lien are established. The federal tax liens are general and, in the sense above indicated, perfected.”
 
 Id.,
 
 at 84. Vermont’s claim for the priority of its lien over the later federal lien is based on the fact that its lien is as completely “perfected” as was the federal lien in
 
 New Britain.
 
 Opposing this claim, the United States urges that different standards of choateness apply to federal and state liens, even where, as here, they are based on statutes identical in every material respect. The argument, in short, is that an antecedent state lien, in order to obtain priority over a federal lien based on §§ 6321 and 6322, cannot, like the federal lien, attach to all of the taxpayer’s property, but must rather, like the municipal liens in
 
 New Britain,
 
 attach to specifically identified portions of that property.
 

 The requirement that a competing lien must be choate in order to take priority over a later federal tax lien stems from the decision in
 
 United States
 
 v.
 
 Security Trust & Savings Bank,
 
 340 U. S. 47. There, an attachment lien which gave no right to proceed against the attached property unless judgment was obtained within three years or within an extension provided by the statute was held junior to a federal tax lien which had arisen after the date of the attachment but prior to the date of judgment on the ground that “[n]umerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded. Thus the attachment lien is contingent or inchoate— merely a
 
 lis pendens
 
 notice that a right to perfect a lien exists.”
 
 Id.,
 
 at 50. The
 
 Security Trust
 
 rationale has since been applied in a case where a federal tax lien arose prior to judgment on a garnishment lien,
 
 United States
 
 v.
 
 *488
 

 Liverpool & London Ins. Co.,
 
 348 U. S. 215,
 
 [4]
 
 and comparable defects have been held to require the according of priority to the federal lien in a series of cases involving competing mechanics’ liens.
 
 [5]
 

 In addition to setting out the specific ground of decision, however, the
 
 Security Trust
 
 opinion went on to state:
 

 “In cases involving a kindred matter,
 
 i. e.,
 
 the federal priority under R. S. § 3466, it has never been held sufficient to defeat the federal priority merely to show a lien effective to protect the lienor against others than the Government, but contingent upon taking subsequent steps for enforcing it. . . . If the purpose of the federal tax lien statute to insure prompt and certain collection of taxes due the United States from tax delinquents is to be fulfilled, a similar rule must prevail here.” 340 U. S., at 51.
 

 Relying on this statement, the United States urges us to read
 
 Security Trust
 
 as establishing the proposition that federal tax liens are entitled to priority, not only over “a
 
 lis pendens
 
 notice that a right to perfect a lien exists,” but over any antecedent lien which is not sufficiently perfected to prevail against the explicit priority which R. S. § 3466 gives to claims of the United States in situations involving insolvency.
 
 [6]
 
 More particularly, it is suggested
 
 *489
 
 that the state liens at issue here did not meet the standards of “specificity” until Vermont attached the funds held by the Chittenden Trust Company, at which time the federal tax lien had already come into existence. This argument fails to discriminate between the standards applicable under the federal tax lien provisions and those applicable to an insolvent debtor under R. S. § 3466.
 

 Section 3466 on its face permits no exception whatsoever from the statutory command that “[wjhenever any person indebted to the United States is insolvent . . . debts due to the United States shall be first satisfied.” The statute applies to all the insolvent’s debts to the Government, whether or not arising from taxes, and whether or not secured by a lien. In
 
 United States
 
 v.
 
 Gilbert Associates,
 
 345 U. S. 361, without questioning that the lienor was identified, the amount of the lien certain or the property subject to the lien definite, this Court accorded priority to subsequently arising claims of the United States against an insolvent debtor on the ground that:
 

 “In claims of this type, 'specificity’ requires that the lien be attached to certain property by reducing it to possfession, on the theory that the United States has no claim against property no longer in the possession of the debtor. . . . The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien.”
 
 Id.,
 
 at 366.
 
 [7]
 

 The state tax commissioner’s assessment and demand in the present case clearly did not meet that standard,
 
 *490
 
 nor, so far as that goes, did the writ of attachment served on the Chittenden Trust Company.
 
 [8]
 
 But the
 
 New Britain
 
 case, 347 U. S. 81, in which “[t]he taxpayer had not been divested by the Town of either title or possession,” makes quite clear that different standards apply where the United States’ claim is based on a tax lien arising under §§ 6321 and 6322.
 
 [9]
 
 “When the debtor is insolvent, Congress has expressly given priority to the payment of indebtedness owing the United States, whether secured by liens or otherwise, by § 3466 of the Revised Statutes, 31 U. S. C. . . . § 191. In that circumstance, where all the property of the debtor is involved, Congress has protected the federal revenues by imposing an absolute priority [citing
 
 United States
 
 v.
 
 Gilbert Associates,
 
 345 U. S. 361;
 
 United States
 
 v.
 
 Waddill, Holland & Flinn,
 
 323 U. S. 353]. Where the debtor is not insolvent, Congress has failed to expressly provide for federal priority . . . although the United States is free to pursue the whole of the debtor’s property wherever situated.”
 
 United States
 
 v.
 
 New Britain,
 
 347 U. S. 81, 85.
 

 It is undisputed that the State’s lien here meets the test laid down in
 
 New Britain
 
 that “the identity of the lienor, the property subject to the lien, and the amount of the lien are established.” 347 U. S., at 84. Moreover, unlike those cases in which the
 
 Security Trust
 
 rationale was applied to subordinate liens on the ground that judgment had not been obtained prior to the time the federal lien
 
 *491
 
 arose,
 
 [10]
 
 it is as true of Vermont’s lien here
 
 [11]
 
 as it was of the federal lien in
 
 New Britain
 
 that “The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor’s property to satisfy the debt.”
 
 Bull
 
 v.
 
 United States,
 
 295 U. S. 247, 260.
 
 [12]
 

 For these reasons, we hold that this antecedent state lien arising under a statute modeled after §§ 6321 and 6322 is sufficiently choate to obtain priority over the later federal lien arising under those provisions. Accordingly, the judgment of the Court of Appeals is
 

 Affirmed.
 

 [1]
 

 26 U. S. C. § 6321 provides:
 

 “If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.”
 

 26 U. S. C. §6322 provides:
 

 “Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time.”
 

 [2]
 

 32 V. S. A. § 5765.
 

 [3]
 

 See note 1,
 
 supra.
 
 Notice of the federal lien was filed on June 2, 1959, pursuant to 26 U. S. C. § 6323, which provides:
 

 “(a)
 
 Invalidity of lien without notice.
 
 Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate— . . . .”
 

 No claim is made here that Vermont’s lien comes within any of the four classifications to which § 6323 accords priority until notice of the federal tax lien has been filed. Consequently, we put to one side such cases as
 
 United States
 
 v.
 
 Pioneer American Ins. Co.,
 
 374 U. S. 84,
 
 United States
 
 v.
 
 Ball Construction Co.,
 
 355 U. S. 587, and
 
 United States
 
 v.
 
 Scovil,
 
 348 U. S, 218, which are concerned with the federal standards to be applied in determining whether the security interests envisaged in that provision have in fact been created. See also
 
 United States
 
 v.
 
 Gilbert Associates,
 
 345 U. S. 361, 363-365.
 

 [4]
 

 See also
 
 United States
 
 v.
 
 Acri,
 
 348 U. S. 211 (attachment lien).
 

 [5]
 

 United States
 
 v.
 
 Hulley,
 
 358 U. S. 66;
 
 United States
 
 v.
 
 Vorreiter,
 
 355 U. S. 15;
 
 United States
 
 v.
 
 White Bear Brewing Co.,
 
 350 U. S. 1010;
 
 United States
 
 v.
 
 Colotta,
 
 350 U. S. 808.
 

 [6]
 

 Revised Statutes §3466 provides:
 

 “Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his
 
 *489
 
 debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.”
 

 [7]
 

 See also
 
 Illinois
 
 v. Campbell, 329 U. S. 362, 375-376;
 
 United States
 
 v.
 
 Waddill Co.,
 
 323 U. S. 353, 359-360.
 

 [8]
 

 Indeed, this Court has repeatedly reserved the question whether the priority given the United States by R. S. § 3466 can be overcome even by a prior specific and perfected lien.
 
 United States
 
 v.
 
 Gilbert Associates, 345 U. S. 361, 365; Illinois
 
 v.
 
 Campbell,
 
 329 U. S. 362, 370;
 
 United States
 
 v.
 
 Waddill Co.,
 
 323 U. S. 353, 355-356;
 
 United States
 
 v.
 
 Texas,
 
 314 U. S. 480, 484-486;
 
 New York
 
 v.
 
 Maclay,
 
 288 U. S. 290, 294;
 
 Spokane County
 
 v.
 
 United States,
 
 279 U. S. 80, 95.
 

 [9]
 

 See also
 
 Crest Finance Co.
 
 v.
 
 United States,
 
 368 U. S. 347.
 

 [10]
 

 See notes 4 and 5,
 
 supra,
 
 and accompanying text.
 

 [11]
 

 See 317 F. 2d, at 448, n. 2.
 

 [12]
 

 The municipal liens accorded priority in
 
 New Britain
 
 were also characterized as summarily enforceable. See Brief for the United States, No. 92, 1953 Term, p. 27, n. 13.