UNITED STATES of America,
Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION et al., Appellees.

No. 16940.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 3, 1977.

Rehearing Denied Dec. 1, 1977.

Edward B. McDonough, Jr., U. S. Atty.,
R. Burton Ballanfant, Asst. U. S. Atty.,
Houston, Barbara Allen Babcock, William
Kanter, Richard A. Olderman, Asst. Attys.
Gen., Washington, D. C., for appellant.

Strasburger, Price, Kelton, Martin &
Unis, Frank L. Skillern, Jr., Dallas, Ful-
bright & Jaworski, James C. Slaughter,
Houston, for appellee Federal Deposit Ins.
Corp., receiver of Franklin Bank.

Hofheinz & Harpold, Lew W. Harpold, Houston, for appellee creditors of the receivership and liquidation of Franklin Bank.

Kamp, Pope & Shoemake, Houston, for appellee Kenneth Evans, Independent Executor of Estate of Arthur R. Evans, Creditor of Franklin Bank, Houston, Tex.

PEDEN, Justice.

The Bureau of Indian Affairs (BIA), an agency of the United States Department of the Interior, sought a court order directing the Federal Deposit Insurance Corporation (FDIC), acting as receiver for a state bank, Franklin Bank, Houston, to pay an amount still owing on deposits, including unpaid interest, and interest on that total from the date of the bank's closing. The BIA asserted that under 31 U.S.C. § 191 its claim was entitled to priority over common creditors as a debt owed to the United States. The creditors of the receivership and liquidation of Franklin Bank whose common claims have been allowed contend through an attorney ad litem that such statute, as applied to insolvent, insured banks, has been impliedly repealed. They rely on a 1974 amendment to 12 U.S.C. § 1821, a part of the FDIC Act, that included a specific provision for the insurance of public funds up to $100,000, and on the passage of the additional collateral security provisions of 25 U.S.C. § 162a and of 31 C.F.R. § 202.6. The parties filed a stipulation as to the material facts. The trial court granted the creditor's motion for summary judgment denying the BIA's claim on the bank's assets as either a priority or common claim but ruling that the FDIC is entitled to a common claim for its payments on the BIA's insured deposits. BIA also moved for summary judgment in the trial court. We reverse and render as to principal and interest to the date of bankruptcy.

The BIA had $7,900,508.00 in certificates of deposit with the Franklin Bank when it closed. These deposits were collateralized with Government National Mortgage Certificates in the face amount of $5,217,-790.37. They were sold by the BIA for $4,510,509.99, and the BIA received $2,930,-871.50 in deposit insurance payments from the FDIC. The BIA submitted a claim for the $461,367.00 balance due on CD's plus $80,734.22 interest on them to the date of closing and a second claim for $98,533.71 plus $114.87 per day until paid for post-closing interest. The FDIC, as receiver, denied priority status to both claims but asked for appointment of an attorney ad litem for creditors of the bank since it would have a conflict of interest in deciding the claims in that it is subrogated to the BIA's rights and would be entitled to priority claimant's status as to the $2,930,871.50 paid to the BIA if the BIA was found to be a priority creditor. 12 U.S.C. § 1821(g); V.A.T.S., Art. 489(b) § 4. The BIA urges only its first claim on appeal.

The first point raised by the government is that the court erred in failing to grant priority status to the claim of the BIA as required by 31 U.S.C. § 191 (1970):

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, . . . as to cases in which an act of bankruptcy is committed."

Appellees argue that this statute has been impliedly repealed because it is in conflict with the purpose of the 1974 amendment to the Federal Deposit Insurance Act, 12 U.S.C. § 1821(a)(2)(A), which is to encourage investment in financial institutions to assist in stabilizing the economy. This amendment allows public funds to be insured up to $100,000 per account. Further, BIA deposits are now protected by additional collateral in federal government securities equal in face value to the uninsured portion of the deposits. 31 C.F.R. § 202.6 (1975). Appellees also contend that by requiring security for its deposits in state banks the federal government has waived its rights under the general priority statute.

Appellees point to a case in which priority was denied to federal deposits in a *national* bank. *Cook County National Bank v. United States*, 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed. 537 (1883). The U.S. Supreme Court noted that under the National Banking Act, national banks are required to deposit with the U.S. Treasurer bonds of the U.S. as security for deposits of public money. Further, that the Act constituted "by itself a complete system for the establishment and government of national banks," including full provisions for the winding up of the institutions and for the distribution of the entire assets of the banks in case of failure, giving preference only to claims of the United States in reimbursement for advances in redeeming certain notes of the bank. "These provisions must be deemed, therefore, to withdraw national banks which have failed, from the class of insolvent persons out of whose estates demands of the United States are to be paid in preference to the claims of other creditors." These specific provisions were found "inconsistent and repugnant" to the general priority statute, so the priority statute was required to yield to the comprehensive banking act. A pivotal question before us is whether the provisions of 31 U.S.C. § 191 have been impliedly repealed as to state banks as well as to national banks.

The virtually identical predecessor of the federal priority statute was Revised Statutes § 3466. It was held to entitle Indian deposits to be priority obligations due from an insolvent state bank. *Bramwell v. United States Fidelity & Guaranty Co.*, 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926).

"The lower courts rightly held that the amount owed by the bank . . . was a debt due to the United States.

"Appellee [assignee of the Indians] is entitled to priority if, within the meaning of section 3466, the bank . . . committed an act of bankruptcy."

■ Of course the National Bank Act does not apply to state banks. We do not find the federal priority statute and the increases in security requirements to be irreconcilable statutes. The 1974 amendment to the Federal Deposit Insurance Act merely increases the insured amounts on public funds from $20,000 to $100,000. Rationale for the increase is reflected in remarks of Congressman Sullivan:

"Furthermore, the provisions of H.R. 1121 dealing with deposits of public funds will encourage greater competition among savings institutions in providing more attractive interest terms for the deposit of government funds." 120 Cong. Rec. 2062 (1974).

This enactment did not change the fact that public funds must be adequately secured; it changed the security method to encourage higher interest rates by lowering the cost of collateralization borne by the savings institution.

■ Amendment or repeal by implication are not favored doctrines. "To be effective, an amendment of a prior act ordinarily must be express. Amendments by implication like repeals by implication, are not favored and will not be upheld in doubtful cases. The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together." 1A *Sutherland, Statutes and Statutory Construction* 139–140, § 22.13 (4th ed. 1972).

"In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." *Morton v. Mancari*, 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974).

The Supreme Court requires that 31 U.S.C. § 191 be construed liberally and states that only the "plainest inconsistency" would warrant a finding of implied exception. *United States v. Moore*, 423 U.S. 77, 96 S.Ct. 310, 46 L.Ed.2d 219 (1975).

■ Appellees' argument that priority is waived by the provisions for security is dispelled in both the *Cook County National Bank* case, supra and in the *Bramwell* case, supra. Where U.S. bonds supported the deposits but were insufficient to cover the

amount lost, the U.S. Supreme Court has held that the deficiency would be entitled to priority if found within one of the priority statutes. The federal priority statute was, in a 1964 case, held to apply whether or not the debt was secured by a lien. *United States v. Vermont,* 377 U.S. 351, 357, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964).

■ Appellees present logical arguments supporting their position that the priority statute should no longer be held applicable to deposits in state banks. We cannot say, however, that it has been repealed by implication.

■ Nor do we find that Texas statutes concerning the rights of depositors of closed state banks prevent application of the federal priority statute to liquidation of those banks.

■ We sustain the appellant's first point, and we agree with its second one: that the BIA is at least entitled to common creditor status. A claim which is determined not to be preferred is then a common claim.

"With these provisions for security against possible loss for moneys deposited, it would seem only equitable that the government should call for such security, and, if it prove insufficient, take the position of other creditors in the distribution of the assets of the bank in case of its failure." *Cook County National Bank v. United States,* 107 U.S. 445, 2 S.Ct. 561, 27 L.Ed.2d 537 (1883).

■ The BIA filed its claim in compliance with Article 342–809 of Vernon's Texas Civil Statutes and should at least be deemed a common creditor. Appellant was a depositor in the bank and is at least a common creditor for the amount owed above the value of the proceeds of the collateral. *Denson v. Shaw,* 62 S.W.2d 344, 347 (Tex.Civ.App.1933, writ ref'd).

For the reasons already stated, we hold that the trial court should have granted the motion for summary judgment filed by the BIA seeking priority status for its claim, including the principal amount plus interest to the date of bankruptcy.

The judgment of the trial court is reversed, and judgment is rendered that priority status be accorded to the BIA claim for the principal amount of $461,367 plus interest of $80,734.22.