UNITED STATES of America, Plaintiff,

v.

UTAH STATE TAX COMMISSION, Utah Department of Employment Security, Ronald J. Bryan, and Southeast Utah Title Company, Defendants.

Civ. No. C–82–0517W.

United States District Court, D. Utah, C.D.

July 19, 1983.

Charles William Ryan, Asst. U.S. Atty., Salt Lake City, Utah, Robert S. Horwitz, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Mark K. Buchi, Div. Chief, Gary R. Thorup, Asst. Atty. Gen., Salt Lake City, Utah, for defendants Utah State Tax Com'n, Utah Dept. of Employment Sec.

Dan C. Keller, Price, Utah, for defendant Southeast Utah Title Co.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

The plaintiff's and the defendants' cross-motions for summary judgment were orally argued on June 20, 1983. The plaintiff was represented by Robert S. Horwitz and the defendants were represented by Gary A. Thorup. Following the hearing, the court took the matter under advisement and has since reviewed the memoranda of counsel and pertinent cited authorities. Based on the foregoing, the court renders the following decision.

The facts in this case are not in dispute. The sole legal question is whether certain federal tax liens are superior to the tax liens of the Utah State Tax Commission, which decision rests on whether the state tax liens were sufficiently choate at the time of their assessment. The plaintiff has essentially argued the two state tax liens of March 24, 1980 and the tax lien of April 22, 1980 were not sufficiently choate for two reasons: first, the state tax liens were not summarily enforceable, and second, the Tax Commission liens are not binding liens until a warrant has been issued and entered in a judgment docket pursuant to section 59-14A-79 Utah Code Annotated.

■ It is well settled that if a state lien is not a security interest, mechanics lien or judgment lien [1] the general priority rule is that first in time is the first in right.[2] That a state created lien arose before the federal tax lien is not entirely sufficient—it must have been choate prior to the date the federal tax lien arose.[3] A lien is choate when "there is nothing more to be done ... when the identity of the lienor, the property subject to the lien, and the amount of the lien are established."[4] There appears to be no dispute that the state's tax liens meet the three elements laid down in *New Britain* for determining choateness. In addition to these elements, however, the plaintiff draws on language in *United States v. Vermont*, 377 U.S. 351, 359, 84 S.Ct. 1267, 1271–72, 12 L.Ed.2d 370 (1966) and *T.H. Rogers Lumber Company v. Apel*, 468 F.2d 14, 18 (10th Cir.1972), to insist the state lien must also be summarily enforceable on the day that the federal tax lien arose. The key question this court

---

1. See 26 U.S.C. § 6323(a).

2. *United States v. City of New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 370–71, 98 L.Ed. 520 (1954). It is clear the language of section 6321 does not confer priority upon the lien created under that section and no other federal statute does so. The priority of a statutory lien must depend on the time it attached to the property in question and became choate. *Id.* at 86, 74 S.Ct. at 370–71.

3. The requirement that a competing lien must be choate in order to take priority over a later

federal tax lien originates from *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950). There the Court found that "[n]umerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded. Thus the attachment lien is contingent or inchoate—merely a *lis pendens* notice that a right to perfect a lien exists." *Id.* at 50, 71 S.Ct. at 113.

4. *United States v. City of New Britain*, 347 U.S. at 84, 74 S.Ct. at 369–70.

**10**

must decide is whether the procedure for the enforcement of the tax liens is sufficiently summary.

■■■ The plaintiff's position is that the additional steps the state must take to issue a warrant and then have that warrant filed with a county clerk for entering in a judgment docket prevent the lien from being choate at the time of the assessment. This court's opinion is that the plaintiff's view of what is summarily enforceable is unnecessarily narrow. The choateness requirement is to assure that no contingencies exist. The Supreme Court in *United States v. Vermont* recognizes that some ministerial acts may yet need to be performed.[5] Where any acts that remain, as in this case, are purely ministerial and do not affect the viability of the lien, the lien is summarily enforceable. A reading of *United States v. Vermont* and *T.H. Rogers Lumber Company* supports this conclusion. Thus, this court holds the three state tax liens in question arising under section 59–10–22 were sufficiently choate to obtain priority over the later federal liens arising under sections 6321 and 6322.

■■■ The plaintiff has alternatively argued that the state tax liens do not become binding liens until the warrant has finally been entered into a judgment docket. Section 59–10–22(3) provides that the lien for state taxes shall arise at the time of the assessment unless another date is specifically fixed by law.[6] The plaintiff maintains the warrant procedure in section 59–14A–79 is "another date" fixed by law.[7] This court cannot agree with the plaintiff's reading of Utah state's tax lien enforcement procedure. If the warrant procedure was mandatorily the only method for enforcing the state tax liens, this court would agree with the plaintiff's position. The language of the section, on its face, however, merely empowers the tax commission with warrant authority and provides that they "may" use it if necessary. It is not a directive or a limitation on their powers.

Given the permissive language of section 59–14A–79 granting warrant authority to the tax commission, this court concludes the warrant procedure of section 59–14A–79 is not "another date specifically fixed by law" so as to designate another time for the lien to arise.

The state has also asked this court to find it is a judgment lien creditor under section 6323(a). Under the facts of this case and in light of the above decision, this court finds it unnecessary to reach that question.

Accordingly,

---

**5.** *See* 377 U.S. at 359, n. 11, 84 S.Ct. at 1271, n. 11.

**6.** The pertinent sections provide in full that:

(2) If any person liable to pay the Utah Sales and Withholding Tax neglects or refuses to pay the same after demand, the amount, including any interest, additional amount, addition to tax, or assessible penalty, together with any costs that may accrue in addition thereto, shall be a lien in favor of the State of Utah upon all property and rights to property, whether real or personal, belonging to such person.

(3) Unless another date is specifically fixed by law, the lien imposed for state taxes shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

**7.** Section 59–14A–79 reads in part:

(c) If any person liable under this act for the payment of any tax . . . neglects or refuses to pay the same within ten days after notice and demand for payment has been given to such person . . ., the tax commission may issue a warrant in duplicate . . . directed to the sheriff of any county of the state commanding him to levy upon and sell such person's real and personal property for the payment of the amount assessed. . . .

(d) Any sheriff who receives a warrant under subsection (c) of this section shall within five days thereafter file the duplicate copy with the clerk of the district court of the appropriate county. The clerk of such court shall thereupon enter in the judgment docket, . . . the name of the taxpayer . . . the tax or other amounts for which the warrant is issued and the date when such copy is filed; and such amount shall thereupon be a binding lien upon the real, personal and other property of the taxpayer to the same extent as other judgments duly docketed in the office of such clerk.

IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted. Defendants' counsel is to prepare an appropriate judgment in accordance with this order.