**In the Matter of ALLIANCE TRANS-PORTATION, INC., Debtor.**

**Bankruptcy No. 83–00211A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 20, 1985.

Lucy T. Sheftall, Sr. Atty., Atlanta, Ga., for movant.

Michael J. King, Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled Chapter 11 bankruptcy case is before the Court on cross-motions for summary judgment filed by the State of Georgia [hereinafter referred to as "Georgia"] and the United States. The Court is asked to determine the priority between competing liens held by the Movants. The facts are not in dispute and can be summarized as follows.

The Debtor filed its Chapter 11 bankruptcy petition on January 14, 1983. Its assets have been liquidated, and a fund of $27,776.68 remains to be distributed between Georgia and the United States.

As of the date the bankruptcy petition was filed, the Debtor owed Georgia the principal amount of $11,148.23 for withholding taxes for the fourth quarter of 1981 and the first through fourth quarters of 1982. The chart below shows the amount due, the date due, and the date the return was received.

| TAX PERIOD | PRINCIPAL TAX AMOUNT SHOWN DUE BY RETURN | DATE DUE | RETURN RECEIVED |
|---|---|---|---|
| 4th Q. 1981 | $3,177.29 −1,406.94 (payment received 6/6/82) | 1/31/82 | 1/31/82 |
| 1st Q. 1982 | $1,683.72 | 4/30/82 | 4/30/82 |
| 2nd Q. 1982 | $2,084.95 | 7/31/82 | 7/31/82 |
| 3rd Q. 1982 | $3,071.02 | 10/31/82 | 10/31/82 |
| 4th Q. 1982 | $2,538.19 | 1/31/83 | 1/31/83 |

See Amendment to the State of Georgia's Statement of Material Facts as to Which There is no Dispute, Exhibit B.

As of the date of filing, the Debtor was indebted to the United States for unpaid withholding and social security taxes for the fourth quarter of 1981 and the second and third quarters of 1982. The chart below shows the amount owed and the date of assessment.

| TAX PERIOD | DATE ASSESSED | PRINCIPAL AMOUNT OF TAX DUE |
|---|---|---|
| 4th Q. 1981 | 3/22/82 | $ 1,033.12 |
| 2nd Q. 1982 | 9/12/82 | $ 3,179.67 |
| 3rd Q. 1982 | 12/31/82 | $27,705.55 |

Georgia contends that it is a secured creditor and as such should be given priority over the United States. It argues that its secured interest arises by virtue of O.C.G.A. § 48–2–56(a). That section of the Georgia Code provides that "liens for all taxes due the state ... shall cover the property of taxpayers liable to tax from the time fixed by law for valuation of the property in each year until such taxes are paid.... Liens for taxes are superior to all other liens...." *

---

\* O.C.G.A. § 48–2–56(a) has been amended, effective July 1, 1983. Because the taxes involved in the case *sub judice* arose prior to that date, the amendment is inapplicable.

■ The United States maintains that Georgia's assertion of secured status is irrelevant to the instant proceeding. Instead, it contends that the issue is controlled by federal law—not state law. *See United States v. Pioneer Am. Ins. Co.,* 374 U.S. 84, 88, 83 S.Ct. 1651, 1654, 10 L.Ed.2d 770 (1963); *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *State of Georgia v. United States,* No. C81–2006A, slip op. (N.D.Ga. Jan. 28, 1983). Under federal law, competing liens of the United States and of an individual state are governed by the common law rule of "first in time is first in right." *United States v. City of New Britain,* 347 U.S. at 85, 74 S.Ct. at 370.

■ Georgia counters by arguing that as a secured creditor, it has priority over the United States pursuant to 26 U.S.C. § 6323(a) because the United States did not file its notice of tax lien as is required by § 6323(f). Section 6323(a) provides that "[t]he lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate." A similar argument, made under the predecessor of § 6323(a), was rejected by the Supreme Court in *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. This Court must agree with the position of the United States. "[I]t is a matter of federal law when such a lien has acquired sufficient substance and has become so perfected as to defeat a later-arising or later-filed federal tax lien." *U.S. v. Pioneer Am. Ins. Co.,* 374 U.S. at 88, 83 S.Ct. at 1654. Federal law will not be controlled by a state's arbitrary classification of a lien as secured. *See United States v. Security Trust & Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950). To allow such control would violate the Supremacy Clause of the Constitution. Therefore, the Court now turns to the question of whether Georgia or the United States was "first in time."

■ In order to establish the priority of the liens in question the Court must determine when the liens came into existence. *State of Georgia v. United States,* slip op. at 4. Pursuant to 26 U.S.C. § 6322, the liens of the United States arose at the time the taxes were assessed, to wit: 3/22/83, 9/12/82, and 12/31/82. In order for a state-created lien to have priority over a federal lien, it must have attached and become choate prior to the attachment of the federal lien. *United States v. City of New Britain,* 347 U.S. at 86, 74 S.Ct. at 370.

To determine when a state lien becomes choate, the federal rule is that liens must be 'perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.' *City of New Britain,* 347 U.S. at 84, 74 S.Ct. at 369; *United States v. Vermont,* 377 U.S. 351, 358, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); *Pioneer American Insurance Co.,* 374 U.S. at 88–89, 83 S.Ct. at 1654–1655.

*State of Georgia v. United States,* slip op. at 5.

■ Contrary to the assertions of the United States, Georgia did make assessments for its taxes. Pursuant to O.C.G.A. § 48–7–108(d), "[t]he filing of any return by an employer in compliance with this article which shows on its face an amount due shall by operation of law constitute an assessment of the amount shown to be due on the return against the employer filing the return as of the date the return is filed." Therefore, Georgia made its assessments on 1/31/82, 4/30/82, 7/31/82, 10/31/82, and 1/31/82 when the returns were filed. The Court finds that upon assessment, the Georgia liens met the federal requirement of choateness in that the lienor, the property, and the amount were all sufficiently identified. See *State of Georgia v. United States, supra.*

The United States relies upon the case of *Priest v. Progressive Sav. & Loan Ass'n. (In re Priest),* 712 F.2d 1326 (9th Cir.1983) in which the Ninth Circuit Court of Appeals

considered a California statute regarding unemployment taxes with a self-assessing mechanism almost identical to O.C.G.A. § 48–7–108(d). The Court of Appeals found that such a self-assessing state statute would not create state tax liens with sufficient choateness to take priority over an Internal Revenue Service lien. In reaching this conclusion, the Court stated that

> The mere receipt of a delinquent State tax return is too vague and indefinite a standard by which to establish a lien that is capable of taking priority over a federal lien. The uncertainty of postal delivery, the uncertainty of the length of time it might remain on someone's desk, and the uncertainty of the time that might be consumed in processing the return through the administrative machinery, are realities to be considered. Significant delays might well occur before there was even any acknowledgement of the director's receipt of the delinquent return, or any administrative act by which the State acknowledged in its own accounts that the taxpayer is liable for unpaid taxes, or the precise amount of that delinquency, and the amount of penalty, interest and fees.

*Priest*, 712 F.2d at 1329.

The Court found that some administrative action on the part of a state was required in order for a state tax lien to take priority over a federal tax lien. No standard for this administrative action was prescribed by the Court in its opinion.

■ This Court has considered the *Priest* case carefully, and is unpersuaded by its reasoning. The Georgia statute which provides that a return filed by a taxpayer constitutes an assessment for the unpaid amount as shown on that return renders Georgia's lien choate. The return sufficiently identifies the lienor, the property, and the amount thereby meeting the standard of choateness as set out by the Supreme Court in *New Britain*. This is not a case where there has been reliance on records by a bona fide purchaser or some other innocent party. Instead, there are two competing taxing authorities and the federal standard of first in time is first in right must control. In order to have priority over a federal tax lien, a state tax lien must be choate at the time the federal tax lien is created. There is *no* prescribed system by which a state lien must achieve choateness. The Court therefore concludes that there is nothing inherently unreasonable or unfair in a self-assessing tax mechanism in determining priorities between the federal government and the several states. Congress, in its wisdom, might well have chosen such a system for the assessment of federal taxes.

■ Therefore, the Court finds that the liens at issue should be given the following priority:

| | LIENOR | DATE OF ASSESSMENT | AMOUNT OF LIEN |
|---|---|---|---|
| 1. | Georgia | 1/31/82 | $ 1,770.35 |
| 2. | United States | 3/22/82 | $ 1,033.12 |
| 3. | Georgia | 4/30/82 | $ 1,683.72 |
| 4. | Georgia | 7/31/82 | $ 2,084.95 |
| 5. | United States | 9/12/82 | $ 3,179.67 |
| 6. | Georgia | 10/31/82 | $ 3,071.02 |
| 7. | United States | 12/31/82 | $27,705.55 |

Thus, the remaining funds of the Debtor's estate should be distributed accordingly.

### ORDER

In accordance with the reasoning above, it is the Order of the Court that the Motion for Summary Judgment filed by the State of Georgia be, and the same hereby is, GRANTED IN PART. It is the further Order of the Court that the Motion for Summary Judgment filed by the United States be, and the same hereby is, GRANTED IN PART.