**Billye Joyce GLASS, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 87–0321–P(J).**

United States District Court, W.D. Kentucky, Louisville Division.

Sept. 28, 1988.

Daniel N. Thomas, Thomas & Ison, P.S.C., Hopkinsville, Ky., for plaintiff.

Joseph M. Whittle, U.S. Atty., Richard A. Dennis, Asst. U.S. Atty., Gregory S. Hrebiniak, U.S. Dept. Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on cross motions for summary judgment. Both parties claim that their lien on certain property is superior to the other's lien. Jurisdiction exists under 28 U.S.C. § 2410.

On August 1, 1979, Charles R. Spain (Spain), purchased real property with Floyd Cottrell (Cottrell). On March 22, 1982, Defendant Internal Revenue Service (IRS) made an income tax assessment against Spain. On September 24, 1982, the IRS filed a notice of tax lien against Spain's property and refiled it on January 12, 1988. On September 22, 1983, a foreclosure judgment was obtained against Spain and Cottrell for failing to comply with the terms of the purchase. In lieu of foreclosure, Spain sold his interest to Cottrell, who in turn sold the full fee simple interest to Billye Joyce Glass, the plaintiff. The parties did not notify the IRS of the foreclosure action or the sale to the plaintiff.

The plaintiff invested an additional $34,-918.69 in the property for improvements. Later, she attempted to sell the property, but the purchaser balked after locating the tax lien. To clear title, this court ordered the IRS to issue a partial release of its tax lien upon the plaintiff's deposit with the court, the amount owed the IRS.

The issue before the court is which of the parties has the superior lien. For the reasons that follow, the court concludes that the IRS has the superior lien.

The plaintiff's first two arguments can be summarized as follows. First, she claims that the IRS's lien expired because it failed to refile its notice. In contrast, the court finds that the IRS refiled its notice on January 12, 1988, which was within the required refiling period set forth in 26 U.S.C. § 6323(g). Second, she claims that the IRS fully released its lien when it issued a Certificate of Release. It was the intention of the court and the parties to substitute the money deposited with the court for the lien. Thus, the IRS's right to the money was not extinguished. We now address which of the parties has the superior lien.

The basic rule regarding competing statutory liens is the first in time is the first in right. *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). A federal tax lien under 26 U.S.C. § 6321 is choate and perfected at

the date of assessment. *United States v. Vermont*, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). However, such a lien is not valid against a purchaser until proper notice has been filed. 26 U.S.C. § 6323(a).

The IRS's lien was choate and perfected on March 22, 1982, the date of assessment. *U.S. v. Vermont, supra.* The lien became valid against the plaintiff, a purchaser, on September 24, 1982, the date notice was filed. 26 U.S.C. § 6323(a). Thus, the IRS's lien was first in time and first in right. *City of New Britain, supra.*

 However, the plaintiff claims that she assumed the position of the prior lien holders when she purchased the property. In contrast, the IRS relies upon *Southern Bank of Lauderdale v. Internal Revenue Service*, 770 F.2d 1001, 1005 (11th Cir. 1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2890, 90 L.Ed.2d 977 (1986), which stated that under 26 U.S.C. § 7425(b), a sale of property on which the United States has a lien is made subject to the lien if two requirements are met: "First, the United States must file its notice of lien 30 days prior to the sale. Second, the United States must not be furnished with notice of the sale ..."

The IRS satisfied the two requirements in 26 U.S.C. § 7425(b) because it filed its notice approximately a year before the sale and because it was not furnished with notice of the sale. Thus, the sale to the plaintiff was made subject to the IRS's lien. *Southern Bank, supra.*

 The plaintiff next argues that the IRS's lien should not apply to her because she sold the property for a loss, having spent $35,000 for improvements. To counter her argument, the IRS relies upon *U.S. v. Polk*, 822 F.2d 871 (9th Cir.1987). There, the court noted that certain cases had held that maintenance expenses incurred by a senior lienholder can be given priority over a tax lien. *Id.* at 875. However, the court distinguished such cases because they involved a government redemption of property under 26 U.S.C. § 7425(d), which incorporates the provision in 28 U.S.C. § 2410(d) that the government pay for maintenance

and improvements. *Id.* at 876. *Polk* concluded that 26 U.S.C. § 7425(d) did not apply to its case and rejected the taxpayer's claim that he be allowed to recover his maintenance and improvement expenses ahead of the government. *Id.* Likewise, 26 U.S.C. § 7425(d) does not apply to this case and we reject the plaintiff's claim to recover her improvement expenses ahead of the IRS.

Defendant IRS has the superior lien.

An appropriate order is this day entered.