**In re Karl Robert SIMMS Debtor.**

**Equicredit Corporation, Plaintiff,**

v.

**Karl R. Simms, Jane Doe, unknown spouse of Karl Simms, United States of America, General Motors Acceptance Corp., Ohio Bureau of Employment Services, Ohio Department of Job & Family Services, Pamela Simms Leasure, Carlile Patchen & Murphy, and the Washington County Treasurer, Defendants.**

**Bankruptcy No. 02–40183.**
**Adversary No. 02–139.**

United States Bankruptcy Court,
S.D. West Virginia.

May 30, 2003.

Joseph W. Caldwell, Charleston, WV, for Debtor.

Douglas A. Kilmer, Charleston, WV, for U.S. Trustee.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RONALD G. PEARSON, Bankruptcy Judge.

Pending are motions for summary judgment filed by the defendants, United States of America and Karl R. Simms[1]. At issue is entitlement to the proceeds of the sale of real estate owned by the debtor upon which various liens had attached. The legal issues underlying the motions have been fully briefed, and the Court finds them ripe for review.

### FACTUAL BACKGROUND

With this Court's permission, the Debtor, Karl Robert Simms, sold his real property located a 207 VanBergan Street, Marietta Ohio, free and clear of liens. The proceeds from the sale, which amounted to $75, 857.31, were placed in the registry of the Court. The plaintiff, Equicredit Corporation filed this proceeding alleging that it had a valid first priority mortgage on the property which entitled its lien to have priority over all others and demanded that it receive a portion of the sale proceeds before all other creditors.

On October 15, 1992, the Debtor granted a mortgage to First Bank of Marietta on the subject property. Subsequently, this mortgage was released[2]. On July 26,

---

1. The plaintiff, Equicredit Corporation, has not filed a motion for summary judgment but has asserted in its response to the defendants' motions that it is entitled to judgment as a matter of law.

2. Equicredit asserts that this mortgage was released following payment with monies obtained by the Debtor which were secured by a mortgage granted to Equicredit on February 14, 2000.

1995, defendant United States of America, through the Internal Revenue Service, recorded in the proper county a lien against the Debtor in the amounts of $688.75 and $38,162.56. On September 28, 1995, the IRS recorded another tax lien in the amount of $34,769.79. Thereafter, but before February 14, 2000, additional liens were filed against the Debtor in the county where the subject property was situated. On February 14, 2000, the Debtor granted a mortgage on the subject property to Equicredit Corporation which was recorded on March 6, 2000. Out of the funds secured by the Equicredit Mortgage, $36,340.41 was paid to satisfy the mortgage of First Bank of Marietta.

## DISCUSSION

Bankruptcy Rule 7056 incorporates the standards set forth in Federal Rule of Civil Procedure 56, which governs when summary judgment is appropriate. That rule provides that summary judgment shall be rendered if the pleadings, discovery, or affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

The moving party has the initial burden of proving that no genuine issue of fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to demonstrate that a triable issue of fact exists which precludes summary judgment against the nonmovant. *Holland v. Double G. Coal Co.,* 898 F.Supp. 351 (S.D.W.Va.1995). For a genuine issue of fact to exist, there must be sufficient evidence that a reasonable jury could find, by a preponderance of the evidence, for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Where competing liens involve a federal tax, federal law controls. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *In re Darnell,* 834 F.2d 1263, 1269 (6th Cir.1987). Under federal law, the priority of competing liens is determined by the principle of "first in time is first in right." *United States v. McDermott,* 507 U.S. 447, 449, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993); *United States v. Vermont,* 377 U.S. 351, 355, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *In re Priest,* 712 F.2d 1326, 1327–28 (9th Cir. 1983); *In re Alliance Transp., Inc.,* 47 B.R. 743, 745 (Bankr.N.D.Ga.1985). In the present case, it is undisputed that the United States' tax liens were filed in July and September 1995, while the plaintiff's mortgage lien was executed on February 14, 2000 and recorded on March 6, 2000. Thus, the tax liens are "first in time" and have priority over the plaintiff's mortgage lien.

However, the plaintiff has argued that it has priority over the other liens on the subject property on the basis that it is subrogated to the rights of First Bank of Marietta as a result of satisfying the purchase money mortgage on the subject property.

Under Ohio law, "[i]n order to entitle one to subrogation, his equity claim must be strong and his case clear." *Ohio Dept. of Taxation v. Jones,* 61 Ohio St.2d 99, 399 N.E.2d 1215 (Ohio 1980); see also *Associates Financial Servs. Corp v. Miller,* 2002 WL 519667 (Ohio App.2002) "Equitable subrogation will not be used to benefit parties who were negligent in their business transactions, and who were obviously in the best position to protect their own interests." *Associates,* 2002 WL 519667.

In *Jones,* the Ohio Supreme Court refused to apply equitable subrogation, finding that Jones' "own actions led to its dilemma of not obtaining the best priority lien." *Jones,* 61 Ohio St.2d at 102, 399 N.E.2d at 1218. The Court pointed out that Jones was "in complete control of the refinancing application, and yet by [his] own actions and inactions the state, without acting fraudulently, was able to secure priority" of its state tax lien *Id.,* 61 Ohio St.2d at 102–103, 399 N.E.2d at 1218.

Similarly, the plaintiff in the present case negligently extended financing under circumstances that prevented Equicredit from obtaining adequate security. A simple title search prior to the extension of financing would have disclosed the existence of liens that far exceeded the value of the property. Any creditor who expects to acquire a valid mortgage is required to do at least this much. Moreover, if Equicredit was aware of the liens and chose to extend the financing anyway, then it would have had no reasonable expectation of having priority. Thus, the fact that Equicredit does not have priority in this case is due entirely to its own carelessness. Therefore, the doctrine of equitable subrogation does not apply in this case.

It is accordingly,

**ORDERED** that the Motion for Summary Judgment filed by the defendant, United States of America is **GRANTED** and the proceeds from the sale of the subject property shall be distributed to the United States of America to the full extent of its liens and any remaining funds shall be distributed to creditors based on their lien priority without subrogating the lien of the plaintiff.

**IT IS SO ORDERED**