NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 15-55078 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:14-cv-02647-R-AS |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| EILEEN MCGREW, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF CALIFORNIA | ) | |
| FRANCHISE TAX BOARD; PHH | ) | |
| MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Eileen McGrew ("McGrew"), appeals the grant of judgment and order of sale to the United States in its action to foreclose federal tax liens on property ("the residence") now owned by McGrew. We affirm.

While McGrew was married to Kenneth McGrew ("Kenneth"), Kenneth incurred debts to the United States because he failed to pay federal income taxes when they became due and owing, that is on the dates that the returns were due. *See* 26 U.S.C. §§ 6072(a), 6151; *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981); *Pan Am. Van Lines v. United States*, 607 F.2d 1299, 1302–03 (9th Cir. 1979).

(1)     McGrew asserts that the liens which the United States seeks to foreclose do not cover the residence at this time. We disagree. The residence was the community property of McGrew and Kenneth, although it is now hers alone. In general, the whole of "the community estate is liable for a debt incurred by either spouse before or during marriage." Cal. Fam. Code § 910(a); *see also Lezine v. Sec. Pac. Fin. Servs., Inc.*, 14 Cal. 4th 56, 63–64, 925 P.2d 1002, 1006, 58 Cal. Rptr. 2d 76, 80 (1996). That means that the community estate is liable for debts incurred by either spouse for the period preceding their separation. *See* Cal. Fam. Code § 910(b); *McIntyre v. United States (In re McIntyre)*, 222 F.3d 655, 658 (9th Cir. 2000); *Babb v. Schmidt*, 496 F.2d 957, 959–60 (9th Cir. 1974).

2

McGrew and Kenneth separated on February 15, 2002, although their marriage was not dissolved until September 14, 2006, and the community property was not divided until September 28, 2009. Thus, Kenneth's income tax debt for the tax year 2000 was a debt owed by the community estate. His debts for the tax years 2001 through 2005 were debts owed by himself alone, and covered his half interest in the community estate only. All of the debts became liens on the residence once income tax was assessed for the years 2000 through 2005. *See* 26 U.S.C. §§ 6321, 6322; *United States v. State of Vermont*, 377 U.S. 351, 353, 84 S. Ct. 1267, 1268, 12 L. Ed. 2d 370 (1964); *see also Drye v. United States*, 528 U.S. 49, 56, 120 S. Ct. 474, 480, 145 L. Ed. 2d 466 (1999). That occurred before the community estate was divided.[1] Division of the community estate (including the residence) did not eliminate or otherwise affect the tax liens,[2] and, indeed, could not do so.[3] As a result, the lien for tax year 2000 did and does encumber both

---

[1]Notice of the liens was duly recorded. *See* 26 U.S.C. § 6323. That, also, was before the community estate was divided.

[2]*See* Cal. Fam. Code § 916(a)(2) (upon division of the property "the liability of property for the satisfaction of a lien on the property" is not affected).

[3]*See Aquilino v. United States*, 363 U.S. 509, 513–14, 80 S. Ct. 1277, 1280, 4 L. Ed. 2d 1365 (1960); *United States v. Bess*, 357 U.S. 51, 56–57, 78 S. Ct. 1054, 1058, 2 L. Ed. 2d 1135 (1958); *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330–31 (9th Cir. 1990).

interests in the residence, and the liens for tax years 2001 through 2005 did and do encumber what was Kenneth's half interest in the residence, even though McGrew now holds that half also. The United States was entitled to foreclose upon and sell the residence for the purpose of satisfying those liens. *See* 26 U.S.C. § 7403(c).

(2) McGrew then asserts that the district court abused its discretion when it did not exercise its discretion to prevent the United States from foreclosing its liens upon the residence. *See United States v. Rodgers*, 461 U.S. 677, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983). Here too we disagree. We recognize that even when the United States is otherwise entitled to foreclose upon its liens, the district court may in the exercise "of common sense and consideration of special circumstances," decline to order a foreclosure and sale. *Id.* at 711, 103 S. Ct. at 2152. However, the district court's discretion to preclude foreclosure "should be exercised rigorously and sparingly." *Id.* We have carefully reviewed the record and the district court's explanation of its reasons for denying McGrew's request for relief. Having done so, we cannot say that under the circumstances of this case the district court abused its discretion. *See id.* at 710–11, 103 S. Ct. at 2151–52; *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987); *see also United*

4

*States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).[4]

AFFIRMED.

---

[4]McGrew's allusion to "innocent spouse relief" under 26 U.S.C. § 6015 is insufficiently briefed and is, in any event, ineffectual. *See Christensen v. C.I.R.*, 523 F.3d 957, 962 (9th Cir. 2008).