Vernon V. BURRUS and Letha L. Burrus, husband and wife, Plaintiffs,

v.

OKLAHOMA TAX COMMISSION, and the United States of America, Defendants.

No. CIV–93–152–T.

United States District Court, W.D. Oklahoma.

Dec. 17, 1993.

Daniel E. McMahan, Ivester Braddock & McMahan, Altus, OK, for plaintiffs.

Robert B. Struble, Oklahoma City, OK, for defendant.

## MEMORANDUM OPINION AND ORDER

RALPH G. THOMPSON, District Judge.

Before the court is defendant United States of America's motion for summary judgment. Defendant Oklahoma Tax Commission (OTC) filed a cross-motion for summary judgment. The issue at hand is the relative priority of each defendant's tax lien in this interpleader action brought to quiet title to Oklahoma property that was previously a homestead. The facts are not in dispute:

On October 7, 1986, OTC filed Tax Warrant No. ITW 86000566–03 in the office of the County Clerk of Jackson County, Oklahoma against plaintiff Vernon V. Burrus in the amount of $6,945.04, plus interest, for the unpaid balance of withholding taxes assessed

against him for the periods February 1, 1985 to December 31, 1985. On September 9, 1988, OTC filed Tax Warrant No. STS 88001810–01 in the office of the County Clerk of Jackson County, Oklahoma against plaintiff Letha L. Burrus in the amount of $2,044.72, plus interest, for the unpaid balance of sales taxes assessed against her for the periods February 1, 1984 to June 30, 1988.

On March 23, 1989, the IRS assessed a 26 U.S.C. § 6672 penalty in the amount of $55,-724.67 against Vernon Burrus for several quarters, the last of which ended on March 31, 1988. On November 16, 1989, the IRS assessed a 26 U.S.C. § 6672 penalty against Letha Burrus in the amount of $56,239.93 for several quarters, the last of which ended on March 31, 1988.

On December 31, 1992, plaintiffs closed the sale of their residence located at Altus, Oklahoma to Michael and Cynthia Bell. Plaintiffs had lived at this residence until January 1992 at which time they vacated the property. After payment of closing costs and the first mortgage there remained the amount of $35,-005.15 from the proceeds of the sale of plaintiffs' property.

The Oklahoma Tax Commission's liens were filed prior to those of the United States, and the United States admits that if the state tax liens were choate prior to its liens, then the federal tax liens are subordinate.

■■ The parties agree that for the state tax liens to be choate, then the identity of the lienor, the property subject to the lien, and the amount of the lien must be known. OTC claims its liens were filed first in time, and therefore are first in right. This is the recognized general federal common law. However, the law of this circuit is that in order to prevail over a federal tax lien, the nonfederal tax lien must also be enforceable as well as otherwise be choate. *See T.H. Rogers Lumber Co. v. Apel,* 468 F.2d 14, 18 (10th Cir. 1972) (nonfederal lien is choate "only if it is enforceable by summary proceedings"), *abrogation on other grounds recognized by Federal Land Bank v. Ferguson,* 896 F.2d 1244, 1245–46 (10th Cir.1990) (per curiam); *see also United States ex rel. IRS v. McDermott,*

— U.S. ——, —— n. 5, 113 S.Ct. 1526, 1529–30 n. 5, 123 L.Ed.2d 128 (1993) (the lien was not immediately enforceable at the relevant time); *United States v. Security Trust & Sav. Bank,* 340 U.S. 47, 50, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950) (any contingency makes the lien inchoate); *Bavely v. United States (In re Terwilliger's Catering Plus, Inc.),* 911 F.2d 1168, 1176 (6th Cir.1990), *cert. denied,* 501 U.S. 1212, 111 S.Ct. 2815, 115 L.Ed.2d 987 (1991) (to obtain priority "the state lien holder must show that he had the right to enforce the lien at some time prior to the attachment of the federal lien"); *United States v. Utah State Tax Comm'n,* 642 F.Supp. 8, 9–10 (D.Utah 1983) (the nonfederal tax lien must be summarily enforceable and not have conditions that affect its viability); *Peterson v. United States,* 511 F.Supp. 250, 254 (D.Utah 1981) (for priority, nonfederal lien must have been specific and perfected).

The court finds that the Oklahoma homestead exemption statute prevents tax liens for personal property from attaching to real property as long as the exemption is in force. This exemption does not prevent the federal tax lien from attaching. At the time the homestead exemption was in effect on the subject property both the OTC and the United States had filed their tax liens, and the OTC's liens were not enforceable prior to the filing of the federal liens. Therefore, the court concludes that the United States' tax liens are superior to that of OTC.

OTC argues that the United States does not have standing to raise the homestead exemption of the taxpayer. The court rejects this argument because the United States is not raising the exemption to prevent the enforcement of the liens, but rather to merely show that OTC's liens were contingent and thus summarily unenforceable at the relevant time, and thus inchoate prior to the filing of the federal tax liens. For the same reason the court rejects OTC's argument that the federal liens were not enforced prior to the OTC liens becoming enforceable. Enforcement is not the issue, what is significant is whether the liens are enforceable and thus choate prior to the filing of the federal tax liens.

Accordingly, defendant United States of America's motion for summary judgment is **GRANTED,** and defendant Oklahoma Tax Commission's cross-motion for summary judgment is **DENIED.** The United States is entitled to the interpleaded funds in the court's registry, and a judgment to that effect is entered separately.

**IT IS SO ORDERED.**